**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**CHRISTIAN RANDOLPH,**               §
                                     §
    **Plaintiff**                    §
                                     §
**v.**                               §    No.  1:11-CV-00406
                                     §
**MARTIN J. CIRKIEL and CIRKIEL AND** §
**ASSOCIATES,**                      §
                                     §
    **Defendants**                   §

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Martin J. Cirkiel and Cirkiel and Associates (hereinafter, collectively "Cirkiel"), Defendants in Cause No. 10-1280-C277 in the 277th Judicial District Court, Williamson County, Texas, serve this Notice of Removal from that court to the United States District Court for the Western District of Texas, Austin Division, on the basis of federal question jurisdiction. The notice is based on the following grounds:

1.    This is an action for professional negligence and breach of fiduciary duty brought by Plaintiff Christian Randolph against Cirkiel, his former attorney. This action was commenced on approximately November 12, 2010, by Plaintiff in state court in Williamson County, Texas. Cirkiel was served with the Original Petition on November 19, 2010. A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit 1.

2.    Plaintiff's claims against Cirkiel stem from a civil action originally filed in this Court bearing Cause Number A-02-CV-574-SS and styled *Christian Randolph v. Texas Rehabilitation Commission, Mary Elizabeth Diaz, Elizabeth Gregowicz, Dave Ward, and Vernon (Max) Arrell*. Hereinafter (the "Underlying Civil Matter"). *See* Exhibit A to Amended Petition

at Exhibit 5, hereto. Defendant Cirkiel was counsel of record for Randolph for a portion of the time that the Underlying Civil Action was pending. *See* Exhibit 5 at ¶ 7.

3.      However, the face of the Original Petition filed by Randolph against Cirkiel did not articulate the federal statutory basis for relief sought in the Underlying Civil Action. *See* Exhibit 1.

4.      In response to Defendants' Special Exceptions, Randolph filed an Amended Petition against Cirkiel. *See* Exhibit 5. The Amended Petition was received by Cirkiel on April 19, 2011. In the Amended Petition, for the first time, Plaintiff articulated that the claim in the Underlying Civil Action was brought under the Section 504 of the Federal Rehabilitation Act of 1973 (29 U.S.C. § 794). There has been no discovery served in this matter and thus, prior to the Amended Petition, there had been no other "paper" that articulated the federal questions at issue in the Randolph suit against Cirkiel.

5.      Thus, Plaintiff revealed for the first time on April 19, 2011, that his legal malpractice and breach of fiduciary duty claims are interwoven with questions of federal law. To wit, Plaintiff alleges that but for Defendant's alleged negligence and breach of fiduciary duty, Plaintiff would have prevailed in the Underlying Civil Action under Section 504 of the Federal Rehabilitation Act of 1973. *See* Exhibit 5 at ¶¶ 7; 23.

6.      The plaintiff's causation burden in a legal malpractice case is to prove that "but for the attorney' s breach of his duty, the plaintiff would have prevailed in the underlying case." *Hoover v. Larkin*, 196 S.W.3d 227, 231 (Tex. App.— Houston [1st Dist.] 2006, pet denied). Thus, in order to prevail on his legal malpractice claim Randolph must demonstrate that he was entitled to judgment on his federal claim under Section 504 of the Federal Rehabilitation Act of 1973 (29 U.S.C. § 794), raising significant questions of federal law.

7.    Moreover, Plaintiff alleges, *inter alia*, that (a) Cirkiel was negligent in failing to adequately respond to the Texas Workforce Commission's summary judgment argument that the statute if limitations was not tolled on his federal claim under a "Continuing Violation Doctrine;" and (b) Cirkiel failed to adequately advise Randolph of his "vested right to appeal under 28 United States Code § 2107 . . ." *See* Exhibit 5 at ¶¶ 10; 12.

8.    Accordingly, Cirkiel submits that this Court has federal question removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(b) because substantial federal issues predominate in this case and therefore Randolph's claims arise under federal law.  When federal issues are embedded in state-law claims, federal question jurisdiction exists when a disputed substantial federal issue is present and the Court's exercise of jurisdiction will not violate any federalism concerns.  *See Grable & Sons Metal Prod.*, 545 U.S. 308, 314 (2005) (exercising federal question jurisdiction on a state law claim because the federal issues were substantial).

9.    There are no federalism concerns present here, and even if present, such concerns are nominal.  Plaintiff's claims for professional negligence will necessarily and primarily focus on the TWC's alleged violations of federal law as well as the applicability of its defenses thereto, issues the federal courts are better suited to handle.  In short, allowing federal court jurisdiction in this unique and extremely narrow context will not encroach upon any state rights.

10.    To the extent Plaintiff's pleadings seek additional relief under Texas law, the Court has supplemental jurisdiction over all such remaining pendent state claims because those claims are so related to the federal issues they form part of the same case or controversy under Article III of the United States Constitution.  *See* 28 U.S.C.  § 1441(c); 28 U.S.C. § 1367(a).

11.    Defendant respectfully submits that the four-part test articulated by the Fifth Circuit in *Singh* is satisfied in this instance.  *See Singh v. Duane Morris, LLP*, 538 F3d 334, 338

(5th Cir 2008). In *Singh*, the Fifth Circuit held that federal question jurisdiction under the substantial federal question doctrine exists "where (1) resolving a federal issue is necessary to the resolution of the state court claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.*

12.     First, resolution of a federal issue is necessary to the resolution of the state court claim.   In this instance, plaintiff must satisfy the "suit within a suit" requirement for his professional negligence claim. *See Hoover*, 196 S.W.3d at 231.   As Plaintiff's cause of action in the Underlying Civil Action was under Section 504 of the Federal Rehabilitation Act of 1973, resolution of issues of federal law is necessary to resolution of Plaintiff's state claim.

13.     Second, the federal issue is actually disputed.   Cirkiel will argue that Plaintiff cannot prove that he would have prevailed in the Underlying Civil Action even assuming, *arguendo*, that he was negligent.

14.     Third, Cirkiel maintains that the federal issues are substantial.   Among the defenses raised in the Underlying Civil Action that formed the basis for summary judgment in TWC's favor were (a) application of the statute of limitations under the Rehabilitation Act; (b) potential application of a "continuing violation" theory to extend the statute of limitations; and (c) the "sole factor" requirement under the Rehabilitation Act. *See* Exhibit B to Plaintiff's Amended Petition (Exh. 5 hereto) at 5-12.   Plaintiff would have to negate each of these defenses in order to prevail on his professional negligence claim.   These are all substantial issues of federal law.

15.     Finally, federal court consideration of this suit will not disturb the balance of federal and state judicial responsibilities.   Defendant maintains that this action falls within the

narrow scope of state legal malpractice claims where the federal question is sufficiently substantial. It would not, Defendant submits, open the floodgates to a multitude of state court legal malpractice claims filed in federal court. Moreover, as the Underlying Civil Action was filed in and adjudicated in this Court, it is uniquely and best qualified to consider the relative merits of Plaintiff's claims.

16.     This removal is timely and appropriate because Defendant was served with Plaintiff's Amended Petition on April 19, 2011. The Original Petition was not removable. *See* Exhibit 1. The Amended Petition was the first pleading or other paper from which [Cirkiel] first ascertained "that the case is one which is or has become removable . . ." *See* 28 U.S.C. § 1446(b). Plaintiff's Amended Petition was not received by Defendant more than thirty (30) days before the filing of this notice, and this notice of removal is being filed within one year of the date suit was first filed in state court.

17.     Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) and (c) inasmuch as the United States District Court for the Western District of Texas, Austin Division, embraces Williamson County, Texas, and the 227th Judicial District, Williamson County, Texas, which is the place where the state court action was pending.

18.     Copies of all pleadings, process, orders, and other filings in the state court suit are attached to this notice as required by 28 U.S.C. § 1446(a).

| | |
|---|---|
| Exhibit 1: | Plaintiff's Original Petition |
| Exhibit 2: | Citation |
| Exhibit 3: | Martin J. Cirkiel and Cirkiel and Associates's Original Answer |
| Exhibit 4: | Defendant's Special Exceptions |
| Exhibit 5: | Plaintiff's Amended Petition |

Exhibit 6:        Plaintiff's Motion for Entry of Discovery Control and Scheduling
                  Orders

Exhibit 7:        Certified copy of Williamson County's Case Summary Sheet

19.     Simultaneously with the filing of this notice of removal, Defendant is filing two

copies of all process, pleadings, and orders served upon it in the state court.  A copy of this

notice is also concurrently being filed with the state court and served upon Plaintiff's counsel.

**WHEREFORE**, Defendants pray that this action be removed to this Court from the

277th Judicial District Court, Williamson County, Texas, for trial and determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By:     _____

Jeff D. Otto
State Bar No. 15345500
Michael B. Johnson
State Bar No. 24029639
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone:  (512) 708-8200
Telecopy:  (512) 708-8777

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record via certified mail on this 17th day of May, 2011:

Donald T. Cheatham
5100 Westheimer Road, Suite 200
Houston, TX 77056
FAX (832) 422-3371
*Attorneys for Plaintiffs*

_____
Michael B. Johnson