CAUSE NO. 10-1280-C277

| | | |
|---|---|---|
| CHRISTIAN RANDOLPH, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | WILLIAMSON COUNTY, TEXAS |
| | § | |
| MARTIN J. CIRKIEL and CIRKIEL AND ASSOCIATES, P.C., | § § | |
| | § | |
| Defendants | § | 277TH JUDICIAL DISTRICT COURT |

**DEFENDANTS' SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Martin J. Cirkiel and Cirkiel and Associates, P.C. (hereinafter, collectively "Cirkiel" or "Defendants") and file these Special Exceptions to Plaintiff's' Original Petition, showing unto the Court as follows:

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

1. This is a civil action filed by Plaintiff Christian Randolph (hereinafter "Randolph" or "Plaintiff") against Cirkiel, his former attorney. Plaintiff's live pleading asserts claims against Cirkiel for negligence and breach of fiduciary duty. A true and correct copy of Plaintiff's Original Petition is attached hereto as Exhibit A.

2. Among other things, Plaintiff has generally alleged his causes of action and has (also) alleged general facts that he claims lead to liability under the two causes of action. However, Plaintiff has failed to assert the specific statutory causes of action upon which he would have prevailed in the underlying civil action "but for" Cirkiel's alleged negligence. This is an essential element of his negligence/legal malpractice claim.

3. In sum, as set forth below, Plaintiff's Original Petition fails in several respects to provide Cirkiel with fair notice of the totality of claims asserted against him and the bases

1



therefore. Defendant specially excepts to the specific pleading defects in Plaintiff's Original Petition below. Defendant requests that Plaintiff be ordered to replead in order to comply with the requirements of the Texas Rules of Civil Procedure.

## II.   SPECIAL EXCEPTIONS

4. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition in its entirety as failing to state the amount of damages Plaintiff seeks. Cirkiel asks the Court to require Plaintiff to specify the maximum amount of damages he claims.

5. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition because Plaintiff fails to specifically plead the claims in the underlying federal suit (and the specific statutory provisions supporting those claims) for which he asserts he would have prevailed "but for" Cirkiel's alleged negligence (none admitted).

6. To recover on a legal malpractice claim, the plaintiff must prove that (1) the attorney owed the plaintiff a duty; (2) the attorney breached the duty; (3) the breach proximately caused plaintiff's injuries; (4) the plaintiff suffered damages. *Zenith Star Ins. Co. v. Wilkerson*, 150 S.W.3d 525, 530 (Tex. App.—Austin 2004, no pet.). The plaintiff's causation burden in a legal malpractice case is to prove that "but for the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case." *Hoover v. Larkin*, 196 S.W.3d 227, 231 (Tex. App.— Houston [1st Dist.] 2006, pet denied). Plaintiff's causation burden is commonly referred to the "suit within a suit requirement." Thus, a plaintiff must prove not only that the attorney was professionally negligent, but that he would have prevailed in the underlying civil suit but for that negligence.

7. In Plaintiff's Original Petition, Plaintiff generally asserts that he retained Cirkiel to represent him "in asserting a claim for damages for employment discrimination the State of Texas committed against him." Plaintiff's Original Petition at ¶ 7. However, the term

"employment discrimination" is an overly broad term that could conceivably encompass numerous statutory causes of action that implicate such discrimination.

8. Without a more specific enunciation of the specific statutory causes of action (i.e., the statutory provisions upon which he sought relief in federal court), Cirkiel lacks fair notice of the claims against him. Put another way, Cirkiel does not have fair notice of the nature of the "suit within a suit"—an essential element of Plaintiff's claim—for which Plaintiff asserts he would have prevailed in the underlying civil suit. Defendant respectfully requests that this Court order Plaintiff to replead in order to provide him with fair notice of this essential element of Plaintiff's cause of action.

9. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition in its entirety because the level of generality with which Plaintiff has pled suggests that Plaintiff is seeking to "fracture" a malpractice claim. Texas courts have considered, and repeatedly rejected, efforts by plaintiffs to "fracture" negligence-based claims against attorneys into breach of fiduciary duty or DTPA claims. *See, e.g., Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex.App.—Houston [14th Dist.] 2002, no pet.); *Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex.App.—Houston [14th Dist.] 2001, pet. denied). "The rule against dividing or fracturing a negligence claim prevents legal-malpractice plaintiffs from opportunistically transforming a claim that sounds only in negligence into other claims." *Deutsch* at 189.

10. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition because Plaintiff appears to seek damages for mental anguish damages allegedly caused by Cirkiel's negligence (none admitted) *See* Plaintiff's Original Petition at ¶ 11. Plaintiff, as a matter of law, cannot recover mental anguish damages based upon a legal malpractice/negligence claim. *See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 784 (Tex. 2006).

11. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition because Plaintiff requests punitive or exemplary damages but fails to plead the necessary predicate acts that are required for recovery of punitive or exemplary damages under Texas law.

12. Defendant Cirkiel specially excepts and objects to Plaintiff's Original Petition because he has not pled a basis for fee forfeiture under Texas law.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Martin J. Cirkiel and Cirkiel and Associates, P.C. pray that this Court grant their special exceptions to Plaintiff's Original Petition and order Plaintiff to replead and cure his pleading defects as described herein. Defendants pray for any additional relief to which they may be entitled at law or in equity.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _____
Jeff D. Otto
State Bar No. 15345500
Michael B. Johnson
State Bar No. 24029639

701 Brazos, Suite 1500 Austin Centre
Austin, Texas 78701
Telephone: (512) 703-5029
Telecopy: (512) 708-8777

COUNSEL FOR DEFENDANTS MARTIN J. CIRKIEL AND CIRKIEL AND ASSOCIATES, P.C.

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing has been provided to the following counsel of record via Certified Mail, Return Receipt Requested on this the 16th day of December, 2010:

Donald T. Cheatham
P.O. Box 500169
Austin, Texas 78750-0169

No. 10-1280C277

| | | |
|---|---|---|
| Christian Randolph, | § | In The 277 Texas |
| Plaintiff | § | |
| v. | § | Judicial District |
| Martin J. Cirkiel, and | § | For |
| Cirkiel & Associates, | § | |
| Defendants | § | Williamson County |

## Original Petition

To the Honorable Texas District Judges for Williamson County:

NOW COMES Plaintiff before the Honorable District Courts for Williamson County, respectfully complaining of Defendants, Martin J. Cirkiel and Cirkiel & Associates for cause of action against them, averring as follows:

### *Discovery*

1. Plaintiff intends that the parties conduct discovery under level 3, pursuant to Texas Rule of Civil Procedure 190.4, and for those reasons does hereby move the Honorable District Courts for Williamson County for entry of appropriate and suitable Scheduling and Discovery Control Orders.

### *Jurisdiction and Venue:*

2. The amounts in controversy are within the jurisdictional limits of the District Courts for Williamson County. At all times relevant hereto the Defendants both maintained offices for the active practice of law at 901 East Palm Valley Boulevard, Round Rock, Texas 98664-9401, in Williamson County.



EXHIBIT A

FILED
at_____o'clock_____M
NOV 1 2 2010
Lisa David
District Clerk, Williamson Co., TX.

Venue is proper as all transactions and occurrences out of which this suit arose took place in Travis or Williamson Counties Texas.

***Parties and Service:***

3. Plaintiff is a domiciled resident adult citizen of the United States and Texas. Service of Process upon Plaintiff is effective by delivery of all pleadings, instruments, documents and discovery upon his counsel of record in this cause, Donald T. Cheatham at his law offices mailing address, P.O. Box 500169, Austin, Texas, 78750-0169, (512) 494-1212 Telephone, (512) 494-1213 Telecopier, and email: cheathamlaw@aol.com.

4. Defendant Martin J. Cirkiel is a domiciled resident adult citizen of the United States, Texas and Williamson County. Cirkiel & Associates is Martin J. Cirkiel's law firm. Service of Process upon either Defendant is effective by delivery of citation, all pleadings, instruments, documents and discovery upon either or both at 901 East Palm Valley Boulevard, Round Rock, Texas 98664-9401.

***Facts:***

5. Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference herein their entireties in this portion of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 4 hereinabove, as well as, those hereinafter pled and recited, as though herein originally pled.

2

6.  At all times relevant hereto Defendant Martin J. Cirkiel was licensed to practice law in the State of Texas. An attorney client relationship was formed between Plaintiff and the Defendants.

7.  In 2002, Plaintiff retained Martin J. Cirkiel and Cirkiel & Associates to represent him in asserting a complaint for damages for employment discrimination the State of Texas committed against him. In the course of that legal representation, Defendants failed to present adequately and properly to the United States District Court for The Western District of Texas personal records and data evidence relating to Plaintiff, which personal and medical records, as well as, data evidence were essential to his claims. The United States District Court dismissed his case because of the manner in which Defendants handled Plaintiff's case. Plaintiff wished to appeal, which he expressed on several occasions to Defendants. The Defendants failed to timely file a Notice of Appeal or otherwise perfect Plaintiff's appeal to the Fifth Circuit Court of Appeals. Plaintiff learned that the time had passed for him to perfect timely his appeal. Plaintiff attempted unsuccessfully to perfect his appeal *pro se*. As a direct and proximate result of failing to properly present the documents and data evidence, as well as, to then perfect his appeal, Plaintiff lost all of his employment discrimination claims against the State of Texas. As a direct and proximate result, Plaintiff suffered damages for which he herein sues.

3

8.   Plaintiff has fulfilled all conditions precedent necessary for Plaintiff to bring and maintain this suit.

### Count I: Negligence

9.   Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference in their entireties herein this Count I of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 8 hereinabove, as well as, those hereinafter pled and recited, as though herein originally pled.

10.   At all times relevant hereto the Defendants owed Plaintiff certain legal duties. Amongst these duties for Defendant Martin J. Cirkiel, as he was at all times relevant a lawyer licensed to practice law in the State of Texas, Defendant Martin J. Cirkiel owed Plaintiff the legal duty to perform legal services for him consistent with the standard of practice for a reasonable attorney practicing law at Williamson County, Texas. In the course of performing his legal duties in his representation of Plaintiff before the United States District Court for the Western District of Texas, and because of Defendants' failure to appeal timely Plaintiff's case as aforesaid, Defendant Martin J. Cirkiel failed to perform legal services for Plaintiff consistent with the standard of practice for a reasonable attorney practicing law at Williamson County, Texas. As a direct and proximate result of his breaches of his legal duties to perform legal services for Plaintiff consistent with the standard of practice for a reasonable attorney practicing law at Williamson

County, Texas, Plaintiff has suffered damages, for which he herein sues.

11. As a direct and proximate result of Defendants' breaches of their various legal duties owed to Plaintiff, Plaintiff was further damaged in that he suffered severe and extreme emotional distress, resulting in additional damages, for which he herein sues.

### Count II: Breaches of Fiduciary Duties

12. Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference herein their entireties in this Count II of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 11 hereinabove, as well as, those hereinafter pled and recited, as though herein originally pled.

13. As a matter of law, there was an attorney client relationship between the Plaintiff as the client and the Defendant Martin J. Cirkiel as the attorney.

14. As a matter of law, an attorney licensed to practice law in Texas, who performs legal services on behalf of his client, is a fiduciary of that client.

15. In the course of representing Plaintiff as his attorney, Defendant Martin J. Cirkiel breached his fiduciary duties to Plaintiff, *inter alios*, by claiming attorneys fees and costs to be due to him, when they were not due to him.

16. In the course of representing Plaintiff as his attorneys, in an employment discrimination case, Defendant Martin J. Cirkiel and the Defendant Cirkiel & Associates breached their fiduciary duties to Plaintiff, *inter alios*, in June of 2008, where and when they fraudulently concealed that they had not perfected the appeal as they promised Plaintiff they would.

27. As a direct and proximate result of the Defendant Martin J. Cirkiel's breaches of his fiduciary duties that he owed to his client of full disclosure and candor, Plaintiff Christian Randolph has suffered damages for which he herein sues.

23. As a direct and proximate result of Defendant Martin J. Cirkiel's and Cirkiel & Associates' breaches of their fiduciary duties owed to Plaintiff, Plaintiff was further damaged in that he suffered severe and extreme emotional distress, resulting in additional damages, for which he herein sues.

***Damages:***

Plaintiff prays for compensatory and actual damages for Defendants' negligence, as well as, compensatory and punitive or exemplary damages for Defendant Martin J. Cirkiel's and Cirkiel & Associates' breaches of their fiduciary duties and the disgorgement by him of any fees that he has collected as the result of acting as Plaintiff's counsel, as well as, pre-judgment and post-judgment interest, attorneys fees and costs, as allowable by law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays these Honorable Williamson County Texas District Courts grant to him the following relief:

1. That Citations issue and that upon service of process of such upon the Defendants that the Defendants be required to appear and answer this suit;

2. That upon verdict favorable to Plaintiff after trial, that judgment consistent with such verdict be entered against Defendant Martin J. Cirkiel and Cirkiel & Associate in favor of Plaintiff; and,

2. That Plaintiff be granted whatever other relief to which he is entitled in equity and at law, or as the nature of this cause might require, which these Honorable Courts might deem meet, just and proper.

Plaintiff prays for general relief.

Plaintiff demands a trial by jury.

Respectfully submitted,

Donald T. Cheatham
Texas State Bar 24029925
P.O. Box 500169
Austin, Texas 78750-0169
(512) 494-1212 Telephone
(512) 494-1213 Telecopier
email: cheathamlaw@aol.co
Plaintiff's Counsel