No. 10-1280C277

| | | |
|---|---|---|
| Christian Randolph, | § | In The 227th Texas |
| Plaintiff | § | |
| | § | |
| v. | § | Judicial District |
| Martin J. Cirkiel, and | § | For |
| Cirkiel & Associates, | § | |
| Defendants | § | Williamson County |

## Amended Petition

To the Honorable Texas District Judge Ken Anderson:

NOW COMES Plaintiff before this Honorable Court, respectfully filing his Amended Petition complaining of Defendants, Martin J. Cirkiel and Cirkiel & Associates for cause of action against them, averring as follows:

### Discovery

1. Plaintiff intends that the parties conduct discovery under level 3, pursuant to Texas Rule of Civil Procedure 190.4, and for those reasons does hereby move the Honorable District Courts for Williamson County for entry of appropriate and suitable Scheduling and Discovery Control Orders.

### Jurisdiction and Venue:

2. The amounts in controversy are within the jurisdictional limits of the District Courts for Williamson County. At all times relevant hereto the Defendants both maintained offices for the active practice of law at 901 East Palm Valley Boulevard, Round Rock, Texas 98664-9401, in Williamson County.

1



EXHIBIT
5

Venue is proper as all transactions and occurrences out of which this suit arose took place in Travis or Williamson Counties Texas.

**Parties and Service:**

3.    Plaintiff is a domiciled resident adult citizen of the United States and Texas. Service of Process upon Plaintiff is effective by delivery of all pleadings, instruments, documents and discovery upon his counsel of record in this cause, Donald T. Cheatham at his law offices mailing address, 10924 Grant Road, Houston, Texas 77070, (713) 870-7040 Telephone, (832) 422-3371 Telcopier, and email: cheathamlaw@aol.com.

4.    Defendant Martin J. Cirkiel is a domiciled resident adult citizen of the United States, Texas and Williamson County. Cirkiel  & Associates is Martin J. Cirkiel's law firm. Service of Process upon either Defendant is effective by delivery of all pleadings, instruments, documents and discovery upon their counsel    of    record,    Martin    B.    Johnson,    Esquire, Thompson, Coe, Cousins & Irons, L.L.P., 701 Brazos, Suite 1500 Austin,  Texas  78701,  Telephone 512-708-8200,  512-708-8777 Telecopier, email: mjohnson@thompsoncoe.com.

**Facts:**

5.    Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference herein their entireties in this portion of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 4 hereinabove, as well as,

2

those hereinafter pled and recited, as though herein originally pled.

6.   At all times relevant hereto Defendant Martin J. Cirkiel was licensed to practice law in the State of Texas. An attorney client relationship was formed between Plaintiff and the Defendants.

7.   In December 2007, Plaintiff retained Martin J. Cirkiel and Cirkiel & Associates to represent him in asserting a federal Complaint for damages for employment discrimination, under the 1973 federal Rehabilitation Act § 504, 29 United States Code § 794, for the State of Texas as Plaintiff's employer's failure to make accommodations for him due to his disabilities. The State of Texas had employed Plaintiff at their Texas Rehabilitation Commission in Austin, Texas.  The State of Texas had unlawfully discharged Plaintiff from his employment at the Texas Rehabilitation Commission on or about 5 December 2000. On 5 May 2007, Defendants filed Plaintiff's First Amended Complaint with the United States District Court for the Western District of Texas. Plaintiff hereto attaches by copy the aforesaid Amended Complaint, marked as Exhibit "A", which Plaintiff through this reference hereby incorporates herein its entireties.

8.   The United States District Court dismissed Plaintiff's case through a Federal Rule of Civil Procedure 56 summary judgment proceeding on 27 October 2008. Plaintiff attaches hereto marked as Exhibit "B" by copy the Order of Dismissal from the

federal District Court, which Plaintiff through this reference hereby incorporates herein its entireties.

9.    In the federal District Court's summary judgment Order, that Court stated at sub-Paragraph D, page 10, "**Human Resource Code** -- In his response to TRC's motion for summary judgment, Randolph claims for the first time his claims are actually brought under Chapter 121 of the Texas Human Resource Code ("THRC"), which contains no exhaustion requirement. This assertion flatly contradicts both his pleadings (as quoted [sic. herein]) and his deposition testimony, and is a clear attempt by Randolph to avoid summary judgment on his claims... "

10.    Plaintiff hereto attaches Defendants' Response in Opposition to the Texas Rehabilitation Commission's Motion for Summary Judgment in the Plaintiff's dismissed federal case referenced marked as Exhibit "C", which Plaintiff through this reference hereby incorporates herein its entireties. Defendants in that response did not adequately, if at all, deal with the issues relating to   "Continuing Violation Doctrine," as tolling the operative statutes of limitations relied upon for the federal trial Judge relied upon for the dismissal of Plaintiff's federal case. The federal trial Judge in fact chides Defendants throughout that Order for the manner in which the Defendants responded to the Texas   Rehabilitation   Commission's   Motion   for   Summary Judgment. The federal trial Judge directly chides Defendants for Defendants' unsuccessful attempt to raise the application of the

4

Texas Rehabilitation Act in the Response to the Motion for Summary Judgment by additionally stating, continuing in sub-Paragraph D on page 10 in the referenced 27 October 2008 Order that: "... Assuming Randolph managed to state a viable claim under the THRC, his claim would nevertheless be barred by the Eleventh Amendment, as he [sic. is] a citizen of Texas suing a Texas governmental agency in federal Court. Randolph points to no provision of the THRC showing the state has waived TRC's immunity in federal court, nor does he identify any law showing Congress has abrogated TRC's Eleventh Amendment immunity for such claims. Randolph's about-face, therefore, does him no good, regardless of whether he sues under Chapter 121 of the THRC, his claims are barred as a mater of law..." The federal District Judge in other statements throughout the Order continues to base his conclusions upon "no evidence" points and "conclusory allegations" in Plaintiff's Response, Defendants prepared and filed.

11.    Because of the manner in which Defendants handled Plaintiff's case, Defendant Martin J. Cirkiel called Plaintiff for a meeting with Plaintiff, which meeting took place on 12 November 2008 at the Defendants' offices.

12.    Accompanying Plaintiff to that meeting was Charles Holland, Ph.D., who is and was Plaintiff's psycho-therapist. Defendant Martin J. Cierkiel informed Plaintiff in front of Dr. Holland at that meeting that the case was lost and that there was

no appeal, which was not an accurate portrayal of either law or fact, as there is and was at the time of Defendant Martin J. Cierkil's misinformation to Plaintiff regarding an appeal an absolute vested right for Plaintiff to appeal under 28 United States Code § 2107, which states: "§ 2107. Time for appeal to court of appeals (a) Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." Federal Rule of Appellate Procedure 4, states "Rule 4. Appeal as of Right--When Taken: (a) Appeal in a Civil Case. (1) *Time for Filing a Notice of Appeal.*(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

12.    The Defendants did not provide Plaintiff with any copy of the 27 October 2008 dismissal Order referenced, because of the tenor and content whereby the federal District Judge severely criticizes and chastises Defendants for the manner in which they responded to the Texas Rehabilitation Commission's Motion for Summary Judgment, which act of omission by Defendants itself is violative of the legal and equitable fiduciary duties of full candor and good faith, which Defendants at all times pertinent and relevant hereto owed Plaintiff.

13. Defendants likewise did not conduct adequate discovery in the course of the federal District Court case. As a direct and proximate result of Defendants failure to adequately conduct discovery, the federal District Court found the "no evidence" points recited in its dismissal Order referenced.

14. Following the federal District Court's dismissal of his case, Plaintiff informed Defendants his then counsel that he wished to bring an appeal to the Fifth Circuit United States Court of Appeals, which Plaintiff expressed on several occasions to Defendants.

15. At no time did the Defendants inform Plaintiff either that he had a right to appeal from the federal District Court's Summary Judgment or that he was required under the applicable federal procedural rules to file his Notice of Appeal within thirty (30) days of the entry of the dismissal Order.

16. The Defendants failed to timely file a Notice of Appeal or otherwise perfect Plaintiff's appeal to the Fifth Circuit United States Court of Appeals, as they had promised Plaintiff they would.

17. Because the Defendants failed to provide Plaintiff with a copy of the 27 October 2008 Order referenced, Plaintiff did not know when the time to perfect his appeal would pass. Plaintiff learned that the time had passed for him to perfect timely his appeal after the thirty days had run. Plaintiff attempted unsuccessfully to perfect his appeal *pro se*.

18.   As a direct and proximate result of failing to properly present the documents and data evidence, as well as, to then perfect his appeal, Plaintiff lost all of his employment discrimination claims against the State of Texas. As a direct and proximate result, Plaintiff suffered damages for which he herein sues.

19.   In the course of their legal representation of Plaintiff, Defendants failed to present adequately and properly to the United States District Court for The Western District of Texas personal and personnel records, as well as, data evidence relating to Plaintiff, which personal, personnel and medical records, as well as, data evidence were essential to his claims.

20   Plaintiff has fulfilled all conditions precedent necessary for Plaintiff to bring and maintain this suit.

### Count I: Negligence

21.   Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference in their entireties herein this Count I of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 20 hereinabove, as well as, those hereinafter pled and recited, as though herein originally pled.

22.   At all times relevant hereto the Defendants owed Plaintiff certain legal duties. Amongst these duties for Defendant Martin J. Cirkiel, as he was at all times relevant a lawyer licensed to practice law in the State of Texas, Defendant  Martin J. Cirkiel

8

owed Plaintiff the legal duty to perform legal services for him consistent with the standard of practice (Care) for a reasonable attorney practicing law at Williamson County, Texas.

23.   In the course of performing his legal duties in his representation of Plaintiff before the United States District Court for the Western District of Texas, and because of Defendants' failure to appeal timely Plaintiff's case as aforesaid, Defendant Martin J. Cirkiel failed to perform legal services for Plaintiff consistent with the standard of practice for a reasonable attorney practicing law at Williamson County, Texas.

24.   As a direct and proximate result of his breaches of his legal duties to perform legal services for Plaintiff consistent with the standard of practice for a reasonable attorney practicing law at Williamson County, Texas, Plaintiff has suffered damages, for which he herein sues.

25.   As a direct and proximate result of Defendants' breaches of their various legal duties owed to Plaintiff, Plaintiff was further damaged in that he suffered severe and extreme emotional distress, resulting in additional damages, for which he herein sues.

### CountII: Breaches of Fiduciary Duties

26.   Plaintiff readopts, repleads, reasserts and hereby incorporates through this reference herein their entireties in this Count II of this Original Petition the allegations in the averments in the foregoing paragraphs 1 through 25 hereinabove, as well as,

those hereinafter pled and recited, as though herein originally pled.

26.   As a matter of law, there was an attorney client relationship between the Plaintiff as the client and the Defendant Martin J. Cirkiel as the attorney.

27.   As a matter of law, an attorney licensed to practice law in Texas, who performs legal services on behalf of his client, is a fiduciary of that client.

28.   In the course of representing Plaintiff as his attorney, Defendant Martin J. Cirkiel breached his fiduciary duties to Plaintiff, *inter alios*, by claiming attorneys fees and costs to be due to him, when they were not due to him.

29.   In the course of representing Plaintiff as his attorney, Defendant Martin J. Cirkiel breached his fiduciary duties to Plaintiff, *inter alios*, by fraudulently concealing from Plaintiff how Defendants had handled the case and especially about why the federal District Court had dismissed the federal case, for the reasons the federal trial Judge stated in the 27 October 2008 Order.

27.   In the course of representing Plaintiff as his attorneys, in an employment discrimination case, Defendant Martin J. Cirkiel and the Defendant Cirkiel & Associates breached their fiduciary duties to Plaintiff, *inter alios*, where and when they fraudulently concealed that they had not perfected the appeal as they promised Plaintiff they would.

10

28.    As a direct and proximate result of the Defendant Martin J. Cirkiel's breaches of his fiduciary duties that he owed to his client of full disclosure and candor, Plaintiff Christian Randolph has suffered damages for which he herein sues.

29.    As a direct and proximate result of Defendant Martin J. Cirkiel's and Cirkiel & Associates' breaches of their fiduciary duties owed to Plaintiff, Plaintiff was further damaged in that he suffered severe and extreme emotional distress, resulting in additional damages, for which he herein sues.

**_Damages:_**

Plaintiff prays for compensatory and actual damages for Defendants' negligence, as well as, compensatory and punitive or exemplary damages for Defendant Martin J. Cirkiel's and Cirkiel & Associates' breaches of their fiduciary duties and the disgorgement by them of any fees that they have collected as the result of acting as Plaintiff's counsel in the federal case, as well as, pre-judgment and post-judgment interest, attorneys fees and costs, as allowable by law.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays these Honorable Williamson County Texas District Courts grant to him the following relief:

1.    That Citations issue and that upon service of process of such upon the Defendants that the Defendants be required to appear and answer this suit;

2.    That upon verdict favorable to Plaintiff after trial, that judgment consistent with such verdict be entered against Defendant Martin J. Cirkiel and Cirkiel & Associate in favor of Plaintiff; and,

2.    That Plaintiff be granted whatever other relief to which he is entitled in equity and at law, or as the nature of this cause might require, which these Honorable Courts might deem meet, just and proper.

Plaintiff prays for general relief.

Plaintiff demands a trial by jury.

Respectfully submitted,

Donald T. Cheatham
Texas State Bar 24029925
5100 Westheimer Road,
Suite 200
Houston, Texas 78756
(713) 588-4355 Telephone
(832) 422-3371 Telcopier
email: cheathamlaw@aol.com
Plaintiff's Counsel

## Certificate of Service

I the undersigned Plaintiff's counsel do hereby certify that I served a true and correct copy of the foregoing Amended Petition upon the Defendants' counsel of record consistent with applicable provisions of the Texas Rules of Civil Procedure this 19 April 2011.

Donald T. Cheatham

Michael B. Johnson, Esquire,
Thompson, Coe, Cousins & Irons, L.L.P.,
701 Brazos,
Suite 1500
Austin, Texas  78701,
Telephone 512-708-8200,
512-708-8777 Telecopier,
email: mjohnson@thompsoncoe.com.

*Exhibit* "A"

IN THE UNITED STATES DISTRICT COURT    FILED
FOR THE WESTERN DISTRICT OF TEXAS 2008 MAY -5  PM 2:53
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| CHRISTIAN RANDOLPH, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | A-02-CV-574-SS |
| | § | |
| TEXAS REHABILITATION | § | |
| COMMISSION, MARY ELIZABETH | § | |
| DIAZ, ELIZABETH GREGOWICZ, | § | |
| DAVE WARD, and VERNON (MAX) | § | |
| ARRELL, | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Christian Randolph, Plaintiff herein, by and through his attorney of record

Martin J. Cirkiel, of Cirkiel & Associates, P.C., complaining of and about Defendants herein,

including and especially the Texas Rehabilitation Commission ("TRC" or "the agency") asserting

a cause of action for violation of Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation

Act"), and in support thereof Plaintiff would respectfully show the following:

### I. NATURE OF THE ACTION AND RELIEF SOUGHT

1.    Plaintiff is a person with a severe mental disability.  Notwithstanding his disability he has

an incredible gift, the unique ability to speak, read and understand a number of foreign

languages.  He also has the ability to translate medical records from a number of foreign

languages, into English.  Because of his unique skill and their need, the agency employed

Christian, making the necessary accommodations so the relationship could work.  In fact,

Christian was able to work for the agency for well over a decade without a problem.  In 1998

he began to ask for certain new accommodations so that he could continue to function in the ever-changing office environment. The requests were refused. As he persisted, the agency began to retaliate, first by removing the already existing accommodations and creating an extremely hostile work environment. As Christian verbalized his concerns to others in the agency and made his concerns more public, he was eventually terminated from the agency.

2.   He brings an action against the Defendants, pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C  § 794. Christian requests damages for personal injury and for compensation reasonably related thereto, as well as declaratory and injunctive relief, along with attorneys' fees and the costs of litigation.

## II. JURISDICTION AND VENUE

3.   This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Jurisdiction is based on 28 U.S.C. §§ 1331, 1343(a)(3)(4), and 2201 and the foregoing federal statutory provisions.

4.   Venue properly lies in the Western District of Texas pursuant to the general venue statute, 28 U.S.C. § 1391(b).

## III. THE PARTIES

5.   Plaintiff Christian Randolph is an individual with a disability, and a resident of Travis County, Texas and was an employee of Texas Rehabilitation Commission ("TRC") from 1988 until December 5, 2000.

6.   Defendant, Texas Rehabilitation Commission ("TRC") is an agency of the State of Texas and has answered by and through their attorney of record, the Office of the Attorney General of Texas, P.O. Box 12548, Capital Station, Austin, Texas, 78711-2548, now Ms. Shelley

First Amended Complaint                                                                                    2

Dahlberg, Assistant Attorney General with the Office of the Attorney General of Texas.

7. At all relevant times, Defendant Vernon (Max) Arrell was the Commissioner of TRC. He is sued in his official and individual capacity. Vernon (Max) Arrell has answered by and through his attorney of record, the Office of the Attorney General of Texas, P.O. Box 12548, Capital Station, Austin, Texas, 78711-2548, now Ms. Shelley Dahlberg, Assistant Attorney General with the Office of the Attorney General of Texas.

8. At all relevant times, Defendant Mary Elizabeth Diaz was Plaintiff's supervisor at TRC. She is sued in her official and individual capacity. Mary Elizabeth Diaz's current location is unknown and she has not been served.

9. At all relevant times, Defendant Elizabeth Gregowitz was the Associate Commissioner and Director of Operations for TRC. She is sued in her official and individual capacity. Elizabeth Gregowitz's current location is unknown and she not been served.

10. At all relevant times, Defendant Dave Ward was the Deputy Commissioner for Disability Determination Services. He is sued in his official and individual capacity. Dave Ward's current location is unknown and he has never been served.

## IV. STANDING AND STATE ACTION

11. At all times relevant to this Complaint, Christian Randolph, was an individual with a disability within the meaning of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794. Also during this period, TRC received federal funding, thus making itself responsive to the requisites of this act. TRC has discriminated against Plaintiff, in violation of the Rehabilitation Act, in the manner set out in more detail herein.

## V. STATEMENT OF FACTS

First Amended Complaint                                                                                        3

12.   Christian Randolph is a person with a disability.

13.   Prior to and during his employment with TRC, Plaintiff rarely left his home due to severe agoraphobia, paranoia and other psychiatric disabilities, except to attend work.

14.   Christian Randolph has the unique skill to translate medical records from a number of foreign languages.

15.   In 1988, the Texas Rehabilitation Commission ("TRC") recruited and hired the Plaintiff to translate complex Social Security Administration disability-related information.

16.   The Plaintiff accepted TRC's offer of employment on condition that his various disabilities be accommodated.  For example, the Plaintiff and TRC agreed that other employees in the unit were not to stare at Plaintiff or attempt to engage him in conversation.  TRC was aware of Plaintiff's disabilities and instituted accommodations for those disabilities from the first day of his employment.

17.   Over the course of the Plaintiff's employment with TRC, the Plaintiff was diagnosed with chronic post-traumatic stress disorder, dementia of the Alzheimer's type with depressed mood, schizoid personality disorder, dementia not otherwise specified, major depression, cortical atrophy, persistent mental illness and non-fatiguing vertigo.  Because of these disabilities, Plaintiff had extreme difficulty coping with multiple stimuli.

18.   For approximately ten (10) years, the Plaintiff worked for TRC without incident.

19.   However, in early 1998, the unit in which Plaintiff worked began to become loud and boisterous. Plaintiff's various disabilities made it extremely difficult for him to function within this environment.   For five months, Plaintiff begged management at TRC for assistance in order to help him in achieving a quieter work place, all to no avail.

First Amended Complaint                                                                                          4

20.     Finally, on August 11, 1998, Plaintiff delivered a written request for reasonable accommodations to his supervisor, Ms. Mary Esther Diaz.

21.     Ms. Diaz did not implement Plaintiff's requests.

22.     In fact, she did not even discuss the requests with Plaintiff until October 16, 1998. At that time she denied the feasibility of any of Plaintiff's requests.  Ms Diaz also discussed Plaintiff's requests for accommodations with him very briefly on March 11, 1999 and again for mere moments on March 12, 1999. Both of these discussions entailed Ms. Diaz refusing to implement the accommodations requested by Plaintiff.

23.     On October 16, 1998, Plaintiff, with approximately a dozen of his co-workers in attendance, criticized TRC management for running the agency to the detriment of disability applicants.

24.     In the Spring of 1999, Plaintiff publically criticized management for disbanding a group set up to allow disability examiners a forum to air their concerns and grievances.

25.     On April 8, 1999, TRC removed from Plaintiff's cubicle a tripod easel that he had used to reduce visual distractions and multiple stimuli which exacerbated his paranoia and schizophrenia.

26.     The easel had been allowed as an accommodation for Plaintiff in 1993, and he had used it continuously since that time. TRC offered no explanation for its removal of the easel.

27.     Without the easel, Plaintiff suffered serious psychological trauma.  Plaintiff attempted to use a cardboard box in place of the easel, but it too was intentionally removed on October 20, 1999.

28.     On January 10, 2000, Plaintiff requested that a small round table be placed in his cubicle so that he could place his research books on it while working at his computer.  This request was

not granted.

29.    Plaintiff also requested to be permitted to telecommute or be allowed to work out of a different TRC field office.  These requests were not granted.

30.    On May 17, 2000, Plaintiff made three additional requests.  He requested that the height of his cubicle walls be raised to isolate noise.  This request was not granted.

31.    He requested permission to park in the parking space closest to the front door and to have that slot marked disabled.  This request was not granted.

32.    He requested provision of an ergonomic chair.  This request was not granted.

33.    On December 5, 2000, TRC terminated Plaintiff's employment.

## VI.  LIABILITY OF DEFENDANTS

34.    Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth herein.

35.    As a direct and proximate result of the acts and omissions of TRC employees, with violations of both state and federal law, and the rules promulgated thereunder, Plaintiff had been the object of discrimination based upon disability.

36.    In addition, Defendants have violated the civil rights of Plaintiff, causing personal injury to him.

## VII.  CAUSE OF ACTION

37.    The above-noted paragraphs, are incorporated by reference in this section as if fully set forth.

38.    TRC has been, and is, a recipient of federal funds, and thus covered under the mandate of Section 504 of the Rehabilitation Act of 1973.  This Section 504 requires recipients of federal monies reasonably accommodate persons with mental disabilities in their facilities, program activities, and services and reasonably modify such facilities, services, and programs

First Amended Complaint                                                                                     6

to accomplish this purpose.

39. TRC is a facility, and its operation comprises a program and service, for Section 504 and purposes.

40. For purposes of Section 504, Plaintiff was a qualified individual having a mental impairment that substantially limited one or more major life activities. Plaintiff has been diagnosed with chronic post-traumatic stress disorder, dementia of the Alzheimer's type with depressed mood, schizoid personality disorder, dementia not otherwise specified, major depression, cortical atrophy, persistent mental illness and non-fatiguing vertigo.

41. Defendants failed and refused to reasonably accommodate Plaintiff's disabilities in violation of Section 504, while Plaintiff was an employee of TRC. That failure resulted in injury to Plaintiff.

42. Defendants' failures include but are not limited to:

    a.   removing the easel from Plaintiff's cubicle which reduced visual distractions;

    b.   removing a cardboard box Plaintiff used to replace the easel;

    c.   refusing to allow Plaintiff the use of a small table in his cubicle for storage of research books;

    d.   refusing to allow Plaintiff to telecommute;

    e.   refusing to allow Plaintiff to move to a different TRC field office;

    f.   refusal to raise the height of the walls of Plaintiff's cubicle;

    g.   refusal to designate a parking space for Plaintiff close to the entrance of the building; and

    h.   refusal to provide Plaintiff an ergonomic chair.

First Amended Complaint                                                                                      7

43.   Defendants eventually fired Plaintiff because he continued to make requests for reasonable accommodations and because he complained about Defendant's refusal to implement his reasonable accommodations. This retaliatory act and wrongful termination also is a violation of Section 504 of the Rehabilitation Act.

44.   The various acts and omissions of Defendants, created a hostile employment environment towards Plaintiff, also a violation of Section 504 of the Rehabilitation Act.

45.   Plaintiff suffered damages due to these various acts and omissions of Defendants.

## VIII. DAMAGES

46.   Plaintiff repeats and incorporates by reference, as if fully set forth herein, all the above-referenced paragraphs.

47.   As a direct and proximate result of the occurrence made the basis of this lawsuit, and the acts and omissions of each Defendant as described herein, Plaintiff was caused to suffer, endure anxiety, pain, illness and violation of civil rights, resulting in damages more fully set forth below.

48.   As a direct and proximate result of the occurrence made the basis of this lawsuit, the subject of this lawsuit has incurred the following damages:

   a.   Reasonable psychological services and expenses related thereto, in the past. These expenses were incurred by the subject of this lawsuit, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Travis County, Texas;

   b.   Reasonable and necessary psychological care and expenses which will, in all reasonable probability, be incurred in the future;

   c.   Mental anguish in the past; and

First Amended Complaint                                                                                    8

d.      Cost of medical monitoring and prevention in the future.

49.     By reason of the above, the subject of this lawsuit, Plaintiff has suffered losses and damages

in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.  PROXIMATE CAUSE

50.     Plaintiff repeats and incorporates by reference, as if fully set forth herein, all the above-

referenced paragraphs.

51.     Each and every, all and singular of the foregoing acts and omissions, on the part of

Defendants, taken separately and/or collectively, constitute a direct and proximate cause of

the injuries and damages set forth herein.

## X.  RESPONDEAT SUPERIOR

52.     Plaintiff repeats and incorporates by reference, as if fully set forth herein, all the above-

referenced paragraphs.

53.     Each and everyone of the foregoing allegations of acts and omissions was a cause of actual

damages to Plaintiff.  As such, Defendant Texas Rehabilitation Commission is liable for the

negligent acts and omissions of its employees, contractors and agents, under the doctrine of

Respondeat Superior.

## XI.  DECLARATORY JUDGMENT

54.     Plaintiff is entitled to a Declaratory Judgment concerning the acts and omissions of

Defendants, as they have failed to fulfill their responsibilities to Plaintiff, and persons

similarly situated.

## XII.  INJUNCTIVE RELIEF

55.     Plaintiff is entitled to be reinstated to his employment.

First Amended Complaint                                                                          9

56.    Plaintiff is also entitled to an Order permanently enjoining TRC and its employees from

failing to comply with Section 504 of the Rehabilitation Act and related provisions of the

Texas Human Resources Code, by not reasonably modifying its facilities, program activities

and services to accommodate employees, like Plaintiff, who have a mental disability.

57.    In addition, Plaintiff is also entitled to an Order permanently enjoining TRC and its

employees from failing to comply with Section 504 of the Rehabilitation Act and related

provisions of the Texas Human Resources Code, by not reasonably providing training to

employees regarding activities and services to accommodate employees, like Plaintiff, who

have a mental disability.

### XIII.  ATTORNEYS' FEES AND COSTS

58.    Pursuant to 42 U.S.C. § 12205 and Section 121.004 of the Texas Human Resources Code,

Plaintiff is entitled to recover attorneys' fees and costs.

### XIV.  PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Christian Randolph, respectfully

prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the

cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages

in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from

the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment

interest at the legal rate, costs of court; declaratory and injunctive relief as noted herein, and such

other and further relief to which the Plaintiff may be entitled at law or in equity.

First Amended Complaint                                                                                 10

Respectfully submitted,

Cirkiel & Associates, P.C.
1901 E. Palm Valley Boulevard
Round Rock, Texas  78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]

By: _____
      Mr. Martin J. Cirkiel, Esq.
      State Bar No.  00783829
      Attorney for Christian Randolph, Plaintiff

First Amended Complaint                                                11

### CERTIFICATE OF SERVICE

I certify that on this the 5th day of May, 2008, a true and correct copy of Plaintiff's First Amended Complaint was served to each person listed below via U.S. First Class Mail.

Ms. Shelley Dahlberg, Esq.
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capital Station
Austin, Texas 78711
(512) 463-2120 [Telephone]
(512) 320-0667 [Facsimile]
COUNSEL FOR DEFENDANTS

_____
Martin J. Cirkiel

COURTESY COPY:

Ms. Sarah Harrington, Esq.
United States Department of Justice
Civil Rights Division, Appellate Section
Ben Franklin Station
P.O. Box 14403
Washington, D.C. 20044-4403
(202) 305-7999 [Telephone]
COUNSEL FOR INTERVENER

First Amended Complaint                                                                 12

*Exhibit* "B"

15

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2008 OCT 27 PM 3: 54
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ DEPUTY

CHRISTIAN M. RANDOLPH,
                    Plaintiff,

-vs-                                        Case No. A-02-CA-574-SS

TEXAS REHABILITATION COMMISSION, et
al.,
                    Defendants.

## ORDER

BE IT REMEMBERED on the _27th_ day of October 2008 the Court reviewed the file in the

above-styled cause, specifically Defendant's Motion for Summary Judgment [#70], and Plaintiff's

Unopposed Motion to Extend Time to File Response thereto [#72] and Response thereto [#73]. In the

interests of developing the merits of the case as fully as possible, the Unopposed Motion to Extend

Time to File Response [#72] is GRANTED. After considering the motion, the response, the relevant

law, and the case file as a whole, the Court enters the following opinion and orders.

### BACKGROUND

Plaintiff Christian Randolph ("Randolph") alleges he was discriminated against in violation

of Section 504 of the Rehabilitation Act by his former employer, the Texas Rehabilitation Commission

("TRC").[1] Randolph's relationship with TRC goes back to 1988, when he began working as a

---

[1] Randolph originally brought this case against TRC and numerous TRC employees, and the
district court dismissed the case in its entirety. In January 2007, the Fifth Circuit reversed and
remanded only as to Randolph's claims against the TRC under section 504 of the Rehabilitation Act.
Thus Randolph filed an Amended Complaint [#54] on May 20, 2008 addressing only those claims.
Although Randolph continues to name individual defendants in his Amended Complaint and refer
at times to multiple "Defendants," the Court treats Randolph's claims as entirely against the TRC.

temporary independent contractor to translate medical documents. Am. Compl. at ¶ 15; Gregowicz Aff. at ¶ 3.[2] In 1992, he was hired as a full-time employee, providing the same services. Gregowicz Aff. at ¶ 3. Randolph alleges prior to and during all the years of his employment with TRC he suffered from serious mental and physical conditions which rendered him disabled, including paranoid schizophrenia, depression, agoraphobia, and schizoid personality disorder, among other things. Am Compl. at ¶ 13.

When Randolph began working for TRC, he had an office with a door that could be closed. Gregowicz Aff. at ¶ 3. In 1997, TRC moved to a new building with a more "open environment" for staff, and Randolph began to work in a four-sided cubicle rather than in an enclosed office. Id. Randolph originally requested an accommodation allowing him to place an easel in the doorway of his cubicle so as to avoid the stares of other employees. Id. However, this accommodation had to be removed in April 1999 when it was determined it violated fire safety issues. Id.; Am. Compl. at ¶ 25. Without the easel, according to Randolph, he suffered "serious psychological trauma." Am. Compl. at ¶ 27.

Randolph alleges what really exacerbated the condition was the behavior of his co-workers, specifically two employees in adjacent cubicles, one of whom was homosexual. Randolph Depo. at 77:18-22. Randolph alleges these co-workers talked about things of a sexual nature and made obscene jokes which he overheard and which offended him. Id. at 78:22-25; 81:18:24. Although the jokes were directed at each other, not at him, Randolph stated they were a distraction to his work. Id. at 81:25-82:10.

---

[2]Elizabeth Gregowicz was the Associate Commissioner and Director of Operations for TRC. Am. Compl. at ¶ 9.

On September 7, 1999, Randolph filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII and the ADA, and a complaint with the Texas Commission on Human Rights ("TCHR") alleging discrimination based on gender, sexual harassment and disability. The complaints were based primarily on the sexual nature of his co-worker's comments, the removal of the easel, and criticism by his superior, but asserted Randolph had continued to perform the essential functions of his job in spite of this. Def.'s Mot. Summ. J. at Ex. Hall-1, 2. On May 26, 2000 the TCHR issued a determination there was no violation of any law. Likewise, the EEOC issued a determination there was no violation of any law on September 18, 2000, which Randolph alleges he received notice of around October 6, 2000.

After filing the TCHR and EEOC complaints, Randolph made numerous requests for accommodations. Gregowicz Aff. at ¶ 5. On January 10, 2000 Randolph requested a small round table be placed in his office to hold his books while he worked. Am. Compl. at ¶ 28. He also requested permission to "telecommute" or be allowed to work out of a different TRC office. Id. at ¶ 29. These requests were denied. Id. at ¶ 28-29. Finally, Randolph's last three accommodation requests were made on May 17, 2000. Id. at ¶ 30. Randolph requested a 12-inch raise of his cubicle walls to isolate noise, a highly adjustable ergonomic chair with arm supports, and a disability parking space in the space closest to the front door, marked for him. Id. at ¶ 30-32; Randolph Depo. at 133:13-19; Def.'s Mot. Summ. J. at Ex. E1. The requests were denied on June 15, 2000 in a determination letter from the TCHR. Def.'s Mot. Summ. J. at Ex. E2. It is undisputed Randolph sought no administrative review of those denials.

On October 6, 2008, around the time Randolph received notice his EEOC complaint had been determined to be without merit, he requested extended leave to deal with his above-described medical issues. Gregowicz Aff. at ¶ 6. Randolph did not formally request FMLA leave, but such leave was

-3-

granted to him after he had exhausted his accrued vacation and sick leave. *Id.* The FMLA leave expired on November 20, 2000, at which time TRC sent a letter to Randolph advising him of this, and that he must return to work by December 4, 2000. *Id.* The letter was sent both by courier to Randolph's residence and by mail, but Randolph alleges he received neither letter. *Id.* On December 5, 2000, after receiving no response from Randolph, TRC terminated his employment for failing to report to work after the expiration of all his accrued and FMLA leave. *Id.* According to TRC, "[r]etaliation and discrimination played no role whatsoever in the decision to terminate Plaintiff." *Id.* It is undisputed Randolph has never filed a complaint with the EEOC or the TCHR alleging his termination was wrongful or retaliatory. *Id.* at ¶ 7.

In the current lawsuit, Randolph claims TRC failed to make reasonable accommodations in violation of § 504 of the Rehabilitation Act. Am. Compl. at ¶ 41. He also claims his termination was retaliatory and wrongful and thus was also in violation of § 504. *Id.* at ¶ 43. Finally, Randolph claims these various acts and omissions created a hostile employment environment toward him, also a violation of § 504. *Id.* at ¶ 44.

## ANALYSIS

### A.    Summary Judgment Standard

Summary judgment may be granted if the moving party shows there is no genuine issue of material fact, and it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding summary judgment, the Court construes all facts and inferences in the light most favorable to the nonmoving party. *Richter v. Merchs. Fast Motor Lines, Inc.*, 83 F.3d 96, 98 (5th Cir. 1996). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find

-4-

for the nonmoving party based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990).

Both parties bear burdens of production in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The nonmoving party must then come forward with competent evidentiary materials establishing a genuine fact issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256–57; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

B.   **Accommodation Claims**

TRC argues Randolph's discrimination claims based on denial of his accommodation requests are barred by the two-year statute of limitations applied in Texas to the Rehabilitation Act. The undisputed facts related to the statute of limitations issue are as follows: Randolph filed his last accommodation requests on May 17, 2000, and received notice the requests had been denied on June 15, 2000. Randolph did not file his district court claim until September 6, 2002. TRC argues the statute of limitations with respect to the accommodation requests expired on June 15, 2002—almost three months before Randolph filed his lawsuit—and thus the discrimination claims relating to those accommodation requests are barred.

*1. Statute of Limitations Under the Rehabilitation Act*

The Rehabilitation Act does not include a limitations period specific to the statute; instead, selection of a limitations period for Rehabilitation Act cases is governed by 42 U.S.C. § 1988. *Hickey*

-5-

*v. Irving Indep. School Dist.*, 976 F.2d 980, 982 (5th Cir. 1992). Section 1988 directs a district court to apply state law if, as in this case, federal law does not provide a limitations period.[3] *Id.* The Fifth Circuit has held the statute of limitations period for the Rehabilitation Act in Texas is two years.[3] *Id.*

Under federal law, a claim of discrimination accrues "when the plaintiff is informed of the discriminatory act." *Everett v. Cobb County Indep. School Dist.*, 138 F.3d 1407, 1410 (11th Cir. 1998). Thus it is discovery of the original act of discrimination which causes the statute of limitations to begin to run, not future confirmation of the injury or determination the injury is unlawful. *Soignier v. Am. Bd. of Plastic Surgery*, 92 F.3d 547, 551 (7th Cir. 1996) (holding a claim accrued on the date a plaintiff was refused reasonable accommodations for his disability). Thus the statute of limitations for a failure-to-accommodate claim begins to run on the date the accommodation denial is relayed to the plaintiff. *Morse v. Univ. of Vermont*, 973 F.2d 122, 125 (2nd Cir. 1992).

Randolph argues the statute of limitations began to run on October 6, 2000, when he allegedly received notice of the EEOC decision, or in the alternative on December 5, 2000, when he was terminated. Pl.'s Resp. at ¶ 7. Randolph claims October 6, 2000 was the date he learned from the EEOC that "his claim" was denied. Randolph pointedly ignores this was *not* the date he learned his accommodation requests were denied—the undisputed date he learned the accommodation requests were denied was June 15, 2000.[4] Furthermore, the date of Randolph's termination is not relevant to

---

[3] This time period is derived from TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a), which provides "[a] person must bring suit for...personal injury...not later than two years after the day the cause of action accrues." *Id.*

[4] The EEOC decision, furthermore, could not have included any reference to Randolph's accommodation requests made after September of 1999 (such as the January 10, 2000 and the May 17, 2000 requests) because they were made *after* he submitted his complaint to the EEOC. Any accommodation requests which *were* included in the EEOC complaint would have been subject to an even stricter statute of limitations—after receipt of a right-to-sue letter from the EEOC, a plaintiff has 90 days within which to bring his suit (not two years). *See* Def.'s Mot.

the issue of whether the previous accommodation requests are barred by the statute of limitations. Because the evidence is undisputed Randolph received notice his last accommodation requests were denied on June 15, 2000, the Court finds the statute of limitations for those denials began to run on that date.

### 2. Continuing Violation

In an attempt to avoid the statute of limitations for his accommodation requests, Randolph argues the alleged violations constituted one continuous violation of failure to accommodate up to the date of his termination on December 5, 2000. Pl's. Resp. at ¶ 7-8. The continuous violation theory would allow Randolph to toll the statute of limitations for all his claims up to the time he was terminated (as he calls his termination "the final failure to accommodate"). Randolph's accommodation requests, although they took place outside the limitations period, would therefore be actionable as part of a "continuing violation" ending with his termination in December 2000.

The Supreme Court has recognized the continuing violation theory in the context of employment discrimination. *Nat'l R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). In *Morgan*, the Court found the continuing violation doctrine may be appropriate where an "unlawful employment practice" cannot be said to occur on any particular day, and occurs instead over a series of days or perhaps years. *Id.* at 115. On the other hand, a "discrete discriminatory act" occurs "on the day it happened," and each one "starts a new clock for filing charges alleging that act." *Id.* at 114. Discrete discriminatory acts are not actionable if they are time barred, even when they are related to acts alleged in timely filed charges. *Id.* at 113. The Court gave as examples of discrete discriminatory acts termination, failure to promote, denial of transfer, and refusal to hire, because each act of

_____

Summ. J. at Ex. Hall-1, 2. Randoloph's position on this issue is illogical.

-7-

discrimination related to these types of incidents would constitute a separate actionable unlawful employment practice. *Id.* at 114.

Although *Morgan* discussed the continuing violation doctrine in the context of Title VII, an alleged failure to provide a requested accommodation under the Rehabilitation Act or the ADA has also been found by many courts to be a "discrete act" under *Morgan*. *Long v. Howard University*, 512 F. Supp. 2d 1, 15 (D.D.C. 2007) (citing *Cherosky v. Henderson*, 330 F.3d 1243, 1246-47 (9th Cir. 2003); *Szedlock v. Tenet*, 61 Fed.Appx. 88, 93 (4th Cir. 2003) (holding that denials of hearing-impaired employees' multiple requests for accommodations under the Rehabilitation Act were each discrete acts of discrimination under *Morgan*); *Elmenayer v. ABF Freight Sys.*, 318 F.3d 130 (2d Cir. 2003) (denial of request for accommodation of religion is a discrete act under *Morgan*); and other cases). The court in *Long* recognized: "Like a termination or non-promotion, a refusal to provide the requested accommodation is 'easy to identify,' and requires no further adverse action to support a claim. *Id.* at 17. A plaintiff cannot rest on a continuing violation theory to make a claim arising from denial of a requested accommodation timely.

In short, *Morgan* applies to denials of requests for reasonable accommodation under the Rehabilitation Act and mandates they be treated as discrete acts of discrimination. The continuing violation doctrine is unavailable to toll the limitations period with regard to the accommodation requests, and Randolph's claims based on those accommodation requests are barred as a matter of law.

**C.    Retaliation Claims**

In Randolph's Amended Complaint he claims:

[TRC] eventually fired Plaintiff because he continued to make requests for reasonable accommodations and because he complained about [TRC]'s refusal to implement his reasonable accommodations.  This retaliatory act and wrongful termination is [] a violation of Section 504 of the Rehabilitation Act.

Am. Compl. at ¶ 43. TRC asserts that with respect to Randolph's retaliation claim, Randolph intentionally does not state the retaliation was in response to his prior TCHR and EEOC complaints because the statute of limitations for initiating the mandatory administrative process for those retaliation claims would already be expired. Def.'s Mot. Summ. J. at 8.

Randolph's testimony in his deposition does suggest his allegations are, essentially, that TRC's denials of his accommodation requests and decision to terminate him were in retaliation for his filing of the TCHR and EEOC claims. For instance, Randolph was asked in his deposition, "[T]hose accommodations in their entirety are being denied to retaliate against you for filing your [TCHR] complaint; is that your allegation?" He answered, "[y]es." Randolph Depo. 126:24-127:8. He responded similarly when asked whether his termination was in retaliation for having filed the TCHR complaint. *Id.* 136:20-137:1.

A plaintiff alleging employment discrimination, retaliation, or harassment under Title VII or the ADA must exhaust administrative remedies before filing suit in federal court. *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002). Exhaustion occurs when the plaintiff files a timely charge with the EEOC within 300 days of the retaliatory acts, and files suit within 90 days after receipt of a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).[5] A party, therefore, must file a charge within either 180 or 300 days of the date of the retaliatory act or lose the ability to recover for it. Rehabilitation Act claims are subject to the same procedural constraints, including the administrative exhaustion requirement, as those set forth in Title VII. *Silva v. Chertoff*, 512 F. Supp. 2d 792 (W.D. Tex 2007) (citing *Prewitt v. United States Postal*

---

[5] Likewise, Texas law requires an employee to exhaust her administrative remedies "by first filing a complaint with the TCHR within 180 days" of the alleged retaliatory act before suing in court. *El Paso Cty. v. Navarrete*, 194 S.W.3d 677, 683-84 (Tex. App.–El Paso 2006, pet. denied).

*Serv.*, 662 F.2d 292, 303-04 (5th Cir.1981)); *Kurth v. Gonzales*, 469 F. Supp. 2d 415, 424 (E.D. Tex. 2006) (noting exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a retaliation claim under the Rehabilitation Act).

In this case, Randolph never initiated the administrative process with respect to his claims of retaliation. The allegedly retaliatory acts occurred after Randolph filed his TCHR and EEOC complaints on September 7, 1999, and it is undisputed Randolph never filed any other complaints with the TCHR or EEOC. Def.'s Mot. Summ. J. at Ex. Hall- 1, 2. Thus Randolph failed to exhaust or even initiate administrative remedies with respect to those allegations, and has failed to meet the mandatory prerequisites to filing this litigation.

**D.    Human Resources Code**

In his response to TRC's motion for summary judgment, Randolph claims for the first time his claims are actually brought under Chapter 121 of the Texas Human Resources Code ("THRC"), which contains no exhaustion requirement. This assertion flatly contradicts both his pleadings (as quoted) and his deposition testimony, and is a clear attempt by Randolph to avoid summary judgment on his claims. Assuming Randolph managed to state a viable claim under the THRC, his claim would nevertheless be barred by the Eleventh Amendment, as he a citizen of Texas suing a Texas governmental agency in federal court. Randolph points to no provision of the THRC showing the state has waived TRC's immunity in federal court, nor does he identify any law showing Congress has abrogated TRC's Eleventh Amendment immunity for such claims. Randolph's about-face, therefore, does him no good, and regardless of whether he sues under Chapter 121 of the THRC, his claims are barred as a matter of law.

**E.    "Sole Cause"**

-10-

The Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States...shall, *solely* by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination..." Title 29 U.S.C. § 794(a) (emphasis added). Based on this language, the Fifth Circuit has concluded "the proper question to be asked in a Rehabilitation Act claim is whether the discrimination took place 'solely because of' the disability." *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002). Even if Randolph's claims were found not to be barred by the statute of limitations and failure to exhaust administrative remedies, he has not shown any evidence the "sole factor" in TRC's decision to terminate him or to deny his requests for accommodation was his alleged disability—therefore, all his discrimination claims fail as a matter of law.

TRC contends Randolph was terminated from employment for reasonable and legitimate purposes—for instance, it is undisputed he went on "extended personal leave" and exhausted his vacation leave, sick leave, and FMLA leave completely. Def.'s Mot. Summ. J. at Exs. B, D, F. TRC claims "[r]etaliation and discrimination played no role whatsoever in the decision to terminate Plaintiff." Gregowicz Aff. at ¶ 6. Instead of countering discriminatory or retaliatory intent in fact *was* the sole reason for TRC's actions, Randolph's only argument in response to TRC's assertion is simply to repeat the fact certain requested accommodations were denied him, and to argue he need not show evidence discrimination was the sole cause of his termination. Pl.'s Resp. at ¶ 11. But the Fifth Circuit has unequivocally held "a higher level of causation" is required to state a prima facie case of discrimination under the Rehabilitation Act. *Kurth v. Gonzales*, 472 F.Supp.2d 874, 879 (E.D. Tex. 2007) (citing *Soledad*, 304 F.3d at 504-05). Randolph's conclusory allegations he was denied requested accommodations is insufficient to carry this burden.

-11-

It should be noted Randolph also alleges the "various acts and omissions of Defendants, created a hostile employment environment towards Plaintiff, also a violation of Section 504 of the Rehabilitation Act." Am. Compl. at ¶ 44. The Fifth Circuit has not definitively recognized a "hostile work environment" claim is proper under the Rehabilitation Act. *Soledad*, 304 F.3d at 506, n. 8. The Fifth Circuit did state in dicta if such a claim *were recognized* it would mirror the claim under the ADA, but would require additional evidence "that the harassment complained of was based *solely* on [the employee's] disability or disabilities." *Id.* at 506, n. 8 (emphasis in original). Even if Randolph's allegations satisfied all other elements of a prima facie case of hostile work environment (which it does not),[6] it is—like his other claims—silent on the element requiring proof TRC's actions were based solely on his disability. Randolph provides no evidence as to the basis for TRC's actions, making only conclusory statements the harassment was based on his disability. Therefore the hostile work environment claim, even if viable, fails for the same reason as the other claims.

In short, Randolph has produced no evidence discrimination was the "sole factor" (or any factor) in decisions to terminate him or deny his accommodations, or that any alleged harassment was based solely on his disability. The unrefuted evidence produced by TRC shows just the opposite. Considering the evidence in a light most favorable to Randolph, a reasonable jury could not conclude Randolph presented sufficient evidence to prove TRC discriminated against him "solely by reason of" his disability. Summary judgment is appropriate as to all of Randolph's discrimination claims.

---

[6] To succeed on a hostile work environment claim under the ADA are the plaintiff must prove: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his disability or disabilities; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt, remedial action. *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 235 (5th Cir. 2001).

CONCLUSION

In accordance with the foregoing,

IT IS ORDERED that the Unopposed Motion to Extend Time to File Response [#72] is GRANTED;

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment [#70] is GRANTED;

IT IS FINALLY ORDERED that all other pending motions in this matter are DISMISSED AS MOOT.

SIGNED this the 27th day of October 2008.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

-13-

NOV-22-2010 11:47 From:                                    To:512 494 1213          P.18/24

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

FILED

FEB 2 3 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

No. 08-51258

U.S. COURT OF APPEALS

FILED

FEB 4  2009

CHARLES R. FULBRUSE III
CLERK

CHRISTIAN M RANDOLPH

                              Plaintiff-Appellant

v.

TEXAS REHABILITATION COMMISSION; ESTER DIAZ, also known as
Mary Esther Diaz; REYES "RAY" GONZALES; LARRY D ANDERSON;
ELIZABETH GREGOWICZ; DAVE WARD; JENNY HALL; MARY SCONCI-
WOLFE; CHARLES SCHIESSER; ROGER DARLEY; LEON HOLLAND;
SYLVIA HARDMAN; VERNON (MAX) ARRELL; MARY ELIZABETH DIAZ

                              Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:02-CV-574

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:

Pursuant to 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure
4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of
entry of the judgment or order from which appeal is taken. In this civil rights
case, the district court entered an order on October 28, 2008, granting the
defendant's[1] motion for summary judgment, and on the same day entered final

---

[1] The plaintiff originally sued the Texas Rehabilitation Commission (TRC) and
numerous employees. The district court dismissed the entire case but this court reversed and

NOV-22-2010 11:48 From:                                  To:512 494 1213                    P.19/24

No. 08-51258

judgment. Therefore, the final day for filing a timely notice of appeal from that order was November 28, 2008, because November 27 was a legal holiday. *See* Fed. R. App. P. 26(a)(3). The plaintiff's pro se notice of appeal was filed on December 5, 2008.

Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure the district court can extend the time for filing a notice of appeal if: 1)the appellant files a motion requesting an extension of time within 30 days after the original due date of the notice of appeal, and 2) shows excusable neglect or good cause. In the notice of appeal, the appellant states that he did not learn of the entry of judgment in time to file a timely notice because his attorney did not tell him about it, fearing the news would push him into suicidal depression. The appellant asked the district court to excuse the late filing for this reason. We treat the notice of appeal as a motion for a finding of excusable neglect or good cause and remand to the district court to make the appropriate findings. After making its findings, the district court shall return the case to this court for further proceedings, or dismissal, as may be appropriate.

REMANDED.

A true copy
Attest:

Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
New Orleans, Louisiana          Deputy

---

remanded as to the claims against TRC. *Randolph v. Tex. Rehb. Comm'n*, No. 03-50538 (5th Cir. Jan. 17, 2007). Thus, TRC was the only defendant before the court on remand.

2

NOV-22-2010 11:48 From:                                      To:512 494 1213          P.20/24

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

MAY 2 6 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

CHRISTIAN M. RANDOLPH,
                 Plaintiff,

-vs-                                          Case No. A-02-CA-574-SS

TEXAS REHABILITATION COMMISSION,
(MARY) ESTER DIAZ, LARRY ANDERSON,
ELIZABETH GREGOWICZ, DAVE WARD,
RAY GONZALES, JENNY HALL, MARY
SCONCI-WOLFE, CHARLES SCHIESSER,
ROGER DARLEY, LEON HOLLAND, SYLVIA
HARDMAN, MARY ELIZABETH DIAZ, and
VERNON (MAX) ARRELL,
                 Defendants.

_____

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Christian Randolph's Judicial Advisory and Request for an Informal Meeting [#93]. As a preliminary matter, the Court orders that document SEALED due to the nature of the allegations made therein.

On October 27, 2008 the Court granted summary judgment on behalf of the Defendants and entered a final judgment that Plaintiff take nothing in the above-styled cause. *See* Order [#77]; Final Judg. [#78]. Thus, Plaintiff had 30 days, until November 26, 2008, within which to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). But nothing at all was filed in this case until December 5, 2008, when Plaintiff filed a notice of appeal and a motion to proceed in forma pauperis. *See* Notice of Appeal [#79].

Case 1:02-cv-00574-SS    Document 94    Filed 05/26/2009    Page 2 of 3

Plaintiff alleged in his motion that he was not told that he could appeal his case or the time limit within which to do so, and had no knowledge of the Court's dismissal of his case until mid-November 2008. *Id.* at 1-2. Plaintiff alleged his then-attorney, Martin Cirkiel ("Cirkiel"), told him of the failure to appeal at a conference in Cirkiel's office, at which Randolph's therapist was present. *Id.* Accordingly, the Court held a hearing to determine whether Plaintiff's failure to file a timely notice of appeal was the result of good cause or excusable neglect.

At the hearing, Cirkiel confirmed that he had met with Plaintiff and his therapist in November of 2008, told Plaintiff that Cirkiel and his law firm were not interested in appealing, and informed Plaintiff if he wished to appeal he would need to find new counsel. There was no evidence presented at the hearing that indicated Plaintiff did not understand this information, or that the information was relayed too late for him to file a notice of appeal pro se. However, he waited until December 5, 2008 to do so. The Court found, based on the evidence and testimony presented at the hearing, that there was no basis for excusable neglect or good cause for Plaintiff's failure to timely file a notice of appeal.

Now, in his present advisory to the Court, Plaintiff alleges Cirkiel "seriously lied" to him, although without giving any details as to the nature of the alleged lies, or how (or even if) they prevented him from filing a timely notice of appeal. Plaintiff requests an informal meeting with the undersigned in order to re-urge his contentions.

The Court finds there is no basis for granting Plaintiff's motion. Plaintiff has had plenty of opportunity, including several motions and a hearing, to urge his arguments on the subject, and this Court has already found there is no basis for excusable neglect or good cause for his failure to timely file his notice of appeal. This case is closed, and shall remain so.

-2-

In accordance with the foregoing,

     IT IS ORDERED that Plaintiff's Advisory to the Court and Request for an Informal

Meeting [#93] is DENIED, and that it be SEALED by the Clerk.

SIGNED this the _22nd_ day of May 2009.

                            _Sam Sparks_

                            SAM SPARKS

                            UNITED STATES DISTRICT JUDGE

-3-

*Exhibit "C"*

16

IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTIAN M. RANDOLPH | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 1:02-CV-00574-SS |
| TEXAS REHABILITATION | § | |
| COMMISSION, (MARY) | § | |
| ESTHER DIAZ, LARRY ANDERSON, | § | |
| ELIZABETH GREGOWICZ, DAVE | § | |
| WARD, and VERNON (MAX) ARRELL | § | |
|     Defendant. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGEMENT

    NOW COMES PLAINTIFF, Christian Randolph, by and through his attorney of record Martin J. Cirkiel from the Law Office of Cirkiel & Associates, P.C., to file this his *Response To Defendant's Motion For Summary Judgement* and would respectfully shows in support, as follows:

I. BRIEF RESPONSE

1.    Christian Randolph, Plaintiff herein, has alleged that his rights pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 794 (hereinafter referred to as "the Rehab Act"), and Title 8 of the Texas Human Resources Code § 121.001 *et seq.* (hereinafter referred to as the HR Code"), have been violated by the acts and omissions of Defendant Texas Rehabilitation Commission ("TRC").

2.    Defendant TRC filed their *Motion For Summary Judgement* arguing *inter alia* that Randolph's claims as to the Rehab Act are barred by the affirmative defense of "statute of limitations," and the claims relative to the HR Code are barred by the affirmative defense of failure to exhaust administrative claims.

3.    Plaintiff Randolph responds that in regard to the Rehab Act, he did in fact file his claims within the operative period as defined by law, thus defeating TRC's contention. Alternatively, Randolph responds that he did in fact file his claims within the operative period as defined by law, by benefitting from what is termed the "continuous violation theory," also defeating TRC's contention. Plaintiff Randolph responds that in regard to the HR Code cause of action, there is no administrative exhaustion requirement as TRC contends, thereby defeating TRC's contention as to this cause of action, as noted in their motion for summary judgement.

## II.  STANDARD OF REVIEW

4.    Plaintiff incorporates by reference as if fully set forth herein, the section entitled "Standard of Review," at Paragraph III, written by the Defendant TRC.

## III.  FACTS

5.    Plaintiff incorporates by reference as if fully set forth herein, the section entitled "Undisputed Facts," at Paragraph II, written by the Defendant TRC, except as specifically described herein.

## IV.  ARGUMENT AND AUTHORITIES

A.    Plaintiff Filed His Petition Within The Required Time Period

6.    On September 7, 1999 Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC")[*see* Exhibit B, Affidavit of Jenny Hall, attached a Exhibit C and Documents Hall-1 and Hall-2, attached as Defendant's *Motion For Summary Judgement*].[1] On May 26, 2000 the Texas Commission on Human Rights issued a determination letter that

---

[1]. All of the Exhibits noted in this response are taken from the Defendant TRC's summary judgement evidence, except as specifically described otherwise.

there was no violation of law [*see* Exhibit C at attachment Hall-2).   Plaintiff made another

formal request for accommodation that was denied on June 15, 2000 [*see* Exhibit E].   On

September 18, 2000 the EEOC made their own determination there was no violations of law

as to Randolph [*see* Exhibit C at attachment Hall-3).   On or about October 6, 2000 Randolph

received notice of the EEOC decision [*see* Exhibit A at 135:2-18, Exhibits B and D,

Affidavit of ray Gonzalez at Exhibit F].   Plaintiff was terminated by TRC on December 5,

2000, the ultimate and final failure to accommodate Randolph's requests.   Randolph filed

his lawsuit on September 6, 2002.

7.       In their *Motion For Summary Judgement* Defendant TRC cites Morse v. University of

Vermont, 973 F.2d 122, 125 (2nd Cir. 1992) for the proposition that a "claim accrues from

the time that the requests are denied."    Ass noted above, Plaintiff learned on or about

October 6, 2000 from the EEOC that his claim was denied.   Further, TRC failed to

accommodate Randolph's various requests up to and through his date of termination, or

December 5, 2000.   He filed his case on September 6, 2002, well within two (2) year notice

period starting from October 6, 2000 or the final failure to accomodate of December 5, 2000.

As such and in any case, whether it be as to the October 6th date or as to the December 5th

date, Defendants *Motion For Summary Judgement* should be denied.   In the alternative, even

if the Court would determine that his claim was not filed within the operative limitations

period, he nevertheless benefits from what is termed the continuous violation theory.

B.       Plaintiff Benefits From The "Continuous Violation Theory"

8.       Specifically, the alleged violations were continuous against Randolph all the way to

December 5, 2000, when TRC terminated Randolph.   At that time they still had not

accommodated Randolph's various requests and furthermore terminated him, the ultimate

failure to accommodate.  As such, Randolph's claims should be tolled pursuant to this continuous violation theory as TRC's continued violated of Randolph's rights, up to and through the time he was terminated, was made after the limitations contemplated Morse had run.  Taylor v. FDIC , 132 F.3d 753, 756 (D.C. Cir. 1997)[continuing violation is one that could reasonably not be expected to be made a subject of a lawsuit where Defendant's conduct is part of a continuing practice and action is timely so long as the last act evidencing the continuing practice falls within the limitation period], *see also* Jeffrey Y. v. St. Mary's area Sch. Dist., 967 F.Supp. 852 (W.D. Pa., 1997).  As such, Plaintiff claims should be tolled until and through December of 2000.

C.    There Is No Administrative Exhaustion Requirement For Violations Of Texas Human Resources Code

9.    Defendant states that Randolph had a duty to exhaust his claims pursuant to the Texas Human Resources Code.  They claim that his Human Resources Code claim is solely related to disability discrimination and not to retaliation, relying upon a small portion of his deposition.   Randolph testifies otherwise, that in fact his claims were also related to disability discrimination (*see* Affidavit of Christian Randolph, attached hereto as Exhibit A, and incorporated herein as if fully set forth).

10.   First and foremost, it is clear and important to note that there is no such exhaustion requirement noted in the this Code as to contentions of discrimination based upon disability.  While TRC provides some legal citation for the proposition that Title VII or ADA claims may require administrative exhaustion, they provide no legal citation for their proposition that this requirement extends to Human Resource Code allegations, nor could Defendant, as none exists.  Defendant's claim as to this affirmative defense should likewise be denied.

D.   Plaintiff Need Not Show That Discrimination Was The Sole Cause Of His Termination At This Stage Of The Proceedings

11.   Defendant TRC argues that they terminated Randolph from employment for reasonable and legitimate purposes. Maybe. But while that may be the ultimate issue to determine for the finder of fact, Plaintiff need not provide summary judgement evidence that his claims are the "sole cause" for his termination. Rather, he only need provide sufficient summary judgement evidence that he has "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is uncontroverted that TRC removed one of Randolph's requested accommodations, an easel placed to block the opening of the cubicle. *See* Deposition of Christian Randolph at 82:11-83:13 and Exhibit B. It also uncontroverted that Randolph made other requests for accommodations to his disability that were likewise denied; i.e., the ability to work from home occasionally and to have a quiet zone around his workspace. *See* Exhibit B and Affidavit Of Esther Diaz, attached as Exhibit D. As Randolph has provided significant summary judgement evidence to counter the Defendant's claim, then their *Motion For Summary Judgment* as to this claim, must likewise be denied.

## V.   SUMMARY

12.   Defendant TRC filed their *Motion For Summary Judgement* arguing *inter alia* that Randolph's claims as to the Rehab Act are barred by the affirmative defense of "statute of limitations," and the claims relative to the HR Code are barred by the affirmative defense of failure to exhaust administrative claims. Randolph has provided sufficient evidence at this stage of the proceedings that he did in fact file his claims within the operative period as defined by law, or alternatively benefit from the "continuous violation theory," both

defeating TRC's contention.  Further, Randolph provided sufficient summary judgement evidence that there is no administrative exhaustion requirement for claims relative to the Texas Human Resources Code, likewise defeating TRC's contentions noted in their motion for summary judgement.  Last, Randolph has provided substantial and significant contested issues of material fact that he was not provided accommodations based upon his disability.

## **PRAYER**

Plaintiff prays that the Court enter an Order denying Defendant's accepting the *Motion For Summary Judgement*, in total or in part, and for such other and further relief as the Court may deem just and proper in law or in equity.

Respectfully submitted,

Cirkiel & Associates, P.C.

By.   */s/ Martin J. Cirkiel*
Martin J. Cirkiel, Esq.
Texas Bar No. 00783829
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
Attorney for Plaintiff, Christian Randolph

*/s/ Martin J. Cirkiel*
Martin J. Cirkiel, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9TH day of October, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Kyle J. Jones, Esq.
Assistant Attorney General
Office of the Attorney General of Texas
P.O. Box 12548, Capital Station
Austin, Texas 78711
(512) 475-4058 [Telephone]
(512) 320-0667 [Facsimile]


                              /s/ Martin J. Cirkiel
                              Martin J. Cirkiel, Esq.

IN THE UNITES STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTIAN M. RANDOLPH | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 1:02-CV-00574-SS |
| TEXAS REHABILITATION | § | |
| COMMISSION, (MARY) | § | |
| ESTHER DIAZ, LARRY ANDERSON, | § | |
| ELIZABETH GREGOWICZ, DAVE | § | |
| WARD, and VERNON (MAX) ARRELL | § | |
|    Defendant. | § | |

ORDER DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

On the ___ day of _____, 2008 the Court considered the Defendant's Motion For

Summary Judgment, and after reviewing the evidence and hearing the arguments, the Court finds

that the Motion should be **DENIED** in total or in part.

     **IT IS THEREFORE ORDERED** that the Motion for Summary Judgment is denied and this

cause shall proceed to trial.

     SIGNED on _____.


_____
JUDGE PRESIDING

APPROVED AS TO FORM:

/s/ Martin J. Cirkiel_____
Martin J. Cirkiel, Esq
Texas Bar No. 00783829
1901 E. Palm Valley Blvd.
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
Attorney for Plaintiff, Christian Randolph

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS   F I L E D

## FOR THE FIFTH CIRCUIT

January 18, 2007

Charles R. Fulbruge III
Clerk

FILED

NOV 3 0 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

No. 03-50538
Summary Calendar

D.C. Docket No. A-02-CV-574-SS

CHRISTIAN M RANDOLPH

      Plaintiff - Appellant

  v.

TEXAS REHABILITATION COMMISSION; ESTER DIAZ, also known as
Mary Esther Diaz; REYES "RAY" GONZALES; LARRY D ANDERSON;
ELIZABETH GREGOWICZ; DAVE WARD; JENNY HALL; MARY SCONCI-WOLFE;
CHARLES SCHIESSER; ROGER DARLEY; LEON HOLLAND; SYLVIA HARDMAN;
VERNON (MAX) ARRELL

      Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas, Austin.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

J U D G M E N T

    This cause was considered on the record on appeal and the
briefs on file.

    It is ordered and adjudged that the judgment of the District
Court is affirmed in part and reversed in part in accordance with
the opinion of this Court.

    IT IS FURTHER ORDERED that each party bear its own costs on
appeal.

ISSUED AS MANDATE:   NOV 2 8 2007

A True Copy   NOV 2 8 2007
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Madeline Chigo_
         Deputy

New Orleans, Louisiana