IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTIAN RANDOLPH, | § | |
| Plaintiff | § | |
| v. | § | No. A-11-CA-406-SS |
| MARTIN J. CIRKIEL and CIRKIEL AND ASSOCIATES, | § | |
| Defendants | § | |

## JOINT CONFERENCE REPORT

TO THE HONORABLE JUDGE SAM SPARKS, U.S.D.J.:

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff Christian Randolph ("Randolph") and Defendants Martin J. Cirkiel and Cirkiel and Associates ("Cirkiel") file this Joint Conference Report.

**1. The nature and basis of the parties' claims and defenses.**

Plaintiff's suit is a legal malpractice and breach of fiduciary duty case stemming from a federal wrongful termination/employment discrimination lawsuit against the Texas Rehabilitation Commission and other related individuals. That action was originally filed in this Court and bore Cause Number A-02-CV-574-SS, styled *Christian Randolph v. Texas Rehabilitation Commission, Mary Elizabeth Diaz, Elizabeth Gregowicz, Dave Ward, and Vernon (Max) Arrell.* (hereinafter the "Underlying Civil Matter"). Defendant Cirkiel represented Plaintiff Randolph for a period of time in the Underlying Civil Matter. Plaintiff Randolph alleges that Mr. Cirkiel (1) was negligent in responding to a Motion for Summary Judgment; (2) failed to advise him that he had a right to appeal the summary judgment ruling; and (3) generally

failed to conduct the proper discovery. He seeks the damages that he claims he would have recovered in the Underlying Civil Matter.

Defendant responds that he did not commit legal malpractice in his representation of Mr. Randolph and did not breach his fiduciary duty to him. Specifically, Mr. Cirkiel maintains that he did all that he could have as counsel to avoid summary judgment against Mr. Randolph. However, several of Mr. Randolph's actions, both before and after the Underlying Civil Matter were filed, led directly to summary judgment against him. Moreover, Mr. Cirkiel strongly maintains that he informed Mr. Randolph—in a face-to-face meeting with a witness present—of his right to appeal the summary judgment against him and his deadline for doing so. Mr. Cirkiel also clearly communicated that he was not going to participate in an appeal. On this basis, Mr. Cirkiel maintains he cannot be held liable for Mr. Randolph's failure to appeal. Moreover, Cirkiel maintains that Randolph cannot demonstrate that he would have prevailed in the Underlying Civil Matter "but for" the alleged failure to advise concerning appeal.

2.     **The possibilities for a prompt settlement or resolution of the case.**

The parties have informally discussed the prospects for a prompt settlement. However, no offers or demands have been made as of this time.

3.     **Disclosures required by Fed. R. Civ. P. 26(a)(1).**

Both parties have stipulated, subject to this Court's approval, that their initial disclosures will be exchanged within 21 days after the parties submit their proposed scheduling order.

4.  **Proposed discovery plan.**

The parties intend to propose a scheduling order to the Court that allows the case to be tried in 2012 and provides all discovery deadlines. With regard to the matters outlined in Fed. R. Civ. P. 26(f)(3), the parties' views and proposals on the discovery plan are as follows:

<u>Disclosures (Rule 26(f)(3)(A)</u>. Both parties have stipulated, subject to this Court's approval, that their initial disclosures will be exchanged within 21 days after the parties submit their proposed scheduling order.

<u>Subjects (Rule 26(f)(3)(B))</u>. Among other matters, Defendants will seek discovery concerning the viability of Plaintiff's underlying claims against the Texas Rehabilitation Commission, Plaintiff's actions *pro se* in the underlying suit against the Texas Rehabilitation Commission and Defendants' representation of Mr. Randolph in the Underlying Civil Matter. Plaintiff will seek discovery concerning Defendants' representation of Mr. Randolph in the Underlying Civil Matter.

The parties do not believe discovery should be conducted in phases and intend to reach an agreement concerning the completion of discovery in their Proposed Scheduling Order.

<u>Electronically stored information (Rule 26(f)(3)(C))</u>. Neither party is aware of any issues about disclosure or discovery of electronically stored information,

<u>Privilege issues (Rule 26(f)(3)(D))</u>. Neither party is aware of any issues about claims of privilege or of protection as trial-preparation materials.

<u>Discovery limitations (Rule 26(f)(3)(E))</u>. Neither party is aware of any changes that should be made on the limitations on discovery.

<u>Any other orders (Rule 26(f)(3)(F))</u>. Neither party is aware of any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

5. **The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented.**

Counsel for the parties participated in a Rule 26(f) conference on June 27, 2011. Plaintiff was represented by Donald T. Cheatham. Defendants were represented by Michael B. Johnson of Thompson Coe Cousins & Irons, LLP.

Respectfully submitted,

**LAW OFFICE OF DONALD T. CHEATHAM**

By:/s/ Donald T. Cheatham

Donald T. Cheatham
State Bar No. 24029925
5100 Westheimer Road, Suite 200
Houston, TX 77056
Telephone: (713) 588-4355
Telecopy: (713) 588-4356

**ATTORNEY FOR PLAINTIFF**

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: /s/ Michael B. Johnson

Jeff D. Otto
State Bar No. 15345500
Michael B. Johnson
State Bar No. 24029639
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  By my signature below, I hereby certify that a true and correct copy of the foregoing has been delivered to all counsel of record via certified mail on this 11th day of July, 2011:

Donald T. Cheatham
5100 Westheimer Road, Suite 200
Houston, TX 77056
FAX (832) 422-3371
*Attorneys for Plaintiff*

      /S/ Michael B. Johnson