IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHRISTIAN RANDOLPH, | § | |
| Plaintiff | § | |
| v. | § | No. A-11-CA-406-SS |
| MARTIN J. CIRKIEL and CIRKIEL AND ASSOCIATES, | § | |
| Defendants | § | |

## FIRST AMENDED ANSWER OF DEFENDANTS MARTIN J. CIRKIEL AND CIRKIEL AND ASSOCIATES

TO THE HONORABLE JUDGE SAM SPARKS, U.S.D.J.:

NOW COME Defendants Martin J. Cirkiel and Cirkiel and Associates (hereinafter "Defendants" or "Cirkiel"), by and through their undersigned attorneys, and file their First Amended Answer in the above-captioned matter, responding to the Amended Petition[1] of Plaintiff Christian Randolph:

1. The allegations of Paragraph 1 of Plaintiff's Amended Petition are allegations to which no response is required. As such, pursuant to FRCP 8(b)(6), Defendants deny same.

2. Defendants ADMIT the allegations contained in Paragraph 2 of Plaintiff's Amended Petition.

3. Defendants ADMIT the allegations contained in the first sentence of Paragraph 3 of Plaintiff's Amended Petition. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 3 of Plaintiff's Amended Petition. As such, pursuant to FRCP 8(b), Defendants deny same.

---

[1] Plaintiff's Amended Petition was filed in Williamson County, Texas District Court prior to removal.

DEFENDANTS' FIRST AMENDED ANSWER -- PAGE 1

4. Defendants ADMIT the allegations contained in Paragraph 4 of Plaintiff's Amended Petition.

5. Defendants incorporate and reallege in full Paragraphs 1-4 of this Answer, as though set forth at length herein.

6. Defendants ADMIT the allegations contained in Paragraph 6 of Plaintiff's Amended Petition.

7. Defendants ADMIT the allegations contained in the first and second sentences of Paragraph 7 of Plaintiff's Amended Petition. Defendants DENY the allegations contained in the third sentence of Paragraph 7 of Plaintiff's Amended Petition. Defendants ADMIT the allegations contained in the fourth and fifth sentences of Paragraph 7 of Plaintiff's Amended Petition.

8. Defendants ADMIT the allegations contained in Paragraph 8 of Plaintiff's Amended Petition.

9. Defendants ADMIT only that Paragraph 9 of Plaintiff's Amended Petition correctly (albeit partially) quotes the District Court's Order.

10. Defendants ADMIT the allegations contained in the first sentence of Paragraph 10 of Plaintiff's Amended Petition. Defendants DENY the allegations contained in the second and third sentences of Paragraph 10 of Plaintiff's Amended Petition. Defendants ADMIT only that the Court's Order is correctly quoted in the fourth, fifth and sixth sentences of Paragraph 10 of Plaintiff's Amended Petition. Defendants DENY the remaining allegations contained in the fourth sentence of Paragraph 10 of Plaintiff's Amended Petition. Defendants DENY the allegations contained in the seventh sentence of Paragraph 10 of Plaintiff's Amended Petition.

11. Defendants ADMIT only that they had a meeting with Plaintiff in November, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 11 of Plaintiff's Amended Petition. As such, pursuant to FRCP 8(b), Defendants deny same.

12. Defendants ADMIT the allegations contained in the first sentence of Paragraph 12 of Plaintiff's Amended Petition. Defendants ADMIT only that Plaintiffs correctly quote 28 U.S.C. § 2107 and Rule 3 of the Federal Rules of Appellate Procedure in the second and third sentences of Paragraph 12 of Plaintiff's Amended Petition. Defendants DENY the remaining allegations contained in the initial Paragraph 12 of Plaintiff's Amended Petition.[2]

Defendants DENY the allegations contained in the next Paragraph 12 of Plaintiff's Amended Petition.

13. Defendants DENY the allegations contained in Paragraph 13 of Plaintiff's Amended Petition.

14. Defendants DENY the allegations contained in Paragraph 14 of Plaintiff's Amended Petition.

15. Defendants DENY the allegations contained in Paragraph 15 of Plaintiff's Amended Petition.

16. Defendants ADMIT that they did not timely file a notice of appeal or otherwise perfect Plaintiff's appeal to the Fifth Circuit Court of Appeals as alleged in Paragraph 16 of Plaintiff's Amended Petition. Defendants specifically DENY that they had a duty to or promised Plaintiff that they would file a notice of appeal or otherwise perfect Plaintiff's appeal to the Fifth Circuit Court of Appeals as alleged in Paragraph 16 of Plaintiff's Amended Petition.

---

[2] Plaintiff's Amended Petition contains two consecutive Paragraphs numbered twelve (12).

17. Defendants DENY the allegations contained in the first two sentences of Paragraph 17 of Plaintiff's Amended Petition. Defendants ADMIT the allegations contained in the third sentence of Paragraph 17 of Plaintiff's Amended Petition.

18. Defendants DENY the allegations contained in Paragraph 18 of Plaintiff's Amended Petition.

19. Defendants DENY the allegations contained in Paragraph 19 of Plaintiff's Amended Petition.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Petition.

21. Defendants incorporate and reallege in full Paragraphs 1-20 of this Answer, as though set forth at length herein.

22. Defendants ADMIT that at particular times Defendants owed Plaintiff certain legal duties as alleged in Paragraph 22 of Plaintiff's Amended Petition. Defendants DENY that they owed Plaintiff such duties at all relevant times.

23. Defendants DENY the allegations contained in Paragraph 23 of Plaintiff's Amended Petition.

24. Defendants DENY the allegations contained in Paragraph 24 of Plaintiff's Amended Petition.

25. Defendants DENY the allegations contained in Paragraph 25 of Plaintiff's Amended Petition.

26. Defendants incorporate and reallege in full Paragraphs 1-25 of this Answer, as though set forth at length herein. Defendants ADMIT that they had an attorney client relationship with Plaintiff as alleged in Paragraph 26 of Plaintiff's Amended Petition.

27. Defendants ADMIT the allegations contained in Paragraph 27 of Plaintiff's Amended Petition.

28. Defendants DENY the allegations contained in Paragraph 28 of Plaintiff's Amended Petition.

29. Defendants DENY the allegations contained in Paragraph 29 of Plaintiff's Amended Petition.

30. Defendants DENY the allegations contained in Paragraph 30 (misnumbered paragraph 27) of Plaintiff's Amended Petition.

31. Defendants DENY the allegations contained in Paragraph 31 (misnumbered paragraph 28) of Plaintiff's Amended Petition.

32. Defendants DENY the allegations contained in Paragraph 32 (misnumbered paragraph 29) of Plaintiff's Amended Petition.

33. The allegations of the Paragraph bearing the heading "Damages" in Plaintiff's Amended Petition are allegations to which no response is required. As such, pursuant to FRCP 8(b)(6), Defendants deny same.

## AFFIRMATIVE DEFENSES

Pursuant to F.R.C.P. 8, Defendants assert the following affirmative defenses to the claims in Plaintiff's Amended Petition as follows:

**A.  Proportionate Responsibility**

34. Defendants maintain that the injuries, damages and losses alleged by Plaintiff, none being admitted, were caused in whole, in part or proximately by the fault or contributory negligence of Plaintiff or others, for whom Defendants are not legally responsible. Such conduct should be submitted to the trier of fact.

35. To wit, Plaintiff represented himself *pro se* in his suit against the Texas Rehabilitation Commission prior to Defendants' participation as his counsel of record. During the time that Randolph represented himself, his acts or omissions fatally prejudiced his claims.

36. Moreover, Plaintiff was informed by Defendants of his right to appeal the District Court's Order prior to the deadline to do so. Plaintiff failed to file a Notice of Appeal or otherwise perfect his appeal on a timely basis.

37. Plaintiff may not recover any amount of damages if his responsibility is greater than fifty percent (50%) regardless of the theory of recovery pled. TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001. Further, the responsibility of each party, including plaintiff, should be submitted to the trier of fact as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.003.

38. In the alternative, for the foregoing reasons any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate, producing, or substantial contributing cause of Plaintiff's alleged injuries.

**B.    Failure to Mitigate Damages**

39. Defendants incorporate and reallege the allegations of Paragraphs 1 through 38 herein as though set forth at length herein.

39. Defendants maintain that Plaintiff's claims are barred, in whole or in part, due to his failure to mitigate damages.

40. Plaintiff was informed by Defendants of his right to appeal the District Court's Order prior to the deadline to do so. Plaintiff failed to file a Notice of Appeal or otherwise perfect his appeal on a timely basis. To the extent, that Plaintiff suffered any damages (none admitted), Plaintiff's failure to timely appeal constituted a failure to mitigate damages.

### C. Fractured Professional Negligence Claim

41. Defendants incorporate and reallege the allegations of Paragraphs 1 through 40 herein as though set forth at length herein.

42. Plaintiff's claims are barred, in whole or in part, because his claims represent an improperly "fractured" professional negligence claim. Courts have considered, and repeatedly rejected, efforts by plaintiffs to "fracture" negligence-based claims against attorneys into breach of fiduciary duty, DTPA or other alternative claims.

43. The focus of a breach of fiduciary duty claim is whether an attorney obtained an improper benefit from representing a client, while a professional negligence claim asks whether an attorney adequately represented a client.

44. In this case, Plaintiff's claims for breach of fiduciary duty are improperly fractured claims for professional negligence. Plaintiff challenges the quality of Defendants' representation. He does not allege that Defendants received an improper benefit or otherwise engaged in self-dealing.

### D. "Suit within a Suit" Requirement

45. Defendants incorporate and reallege the allegations of Paragraphs 1 through 44 herein as though set forth at length herein.

46. Plaintiff's claims are barred, in whole or in part, because notwithstanding any alleged negligent or culpable conduct of Defendants, none being admitted, Plaintiff would not have been entitled to judgment in the underlying litigation.

47. Plaintiff's causation burden in a legal malpractice case is to prove that but for the attorney's breach of his duty, the plaintiff would have prevailed in the underlying case. Plaintiff's causation burden is commonly referred to as the "suit within a suit requirement."

48. In the alternative, Plaintiff's claims are barred, in whole or in part, because notwithstanding any alleged negligent or culpable conduct of Defendants, none being admitted, Plaintiff would not have prevailed on appeal of the underlying litigation had an appeal been perfected.

E. **Insufficient Evidence to Support Disgorgement of Attorneys' Fees**

49. Defendants incorporate and reallege the allegations of Paragraphs 1 through 48 herein as though set forth at length herein.

50. Plaintiff's claim for disgorgement of attorneys' fees is barred, in whole or in part.

51. Under Texas law, a condition precedent to disgorgement of attorneys' fees is a judicial finding that a lawyer engaged in a "clear and serious violation of duty to a client." *Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999). Moreover, "[f]orfeiture of fees . . . is not justified in each instance in which a lawyer violates a legal duty, nor is total forfeiture always appropriate. Some violations are inadvertent or do not significantly harm the client." *Id.*

52. In this instance, Randolph has failed to allege and cannot prove clear and serious violations of fiduciary duty warranting disgorgement of attorneys' fees. In the alternative, Randolph has failed to allege and cannot prove necessary conduct to justify total or partial forfeiture of fees.

F. **Defenses Relating to Exemplary Damages**

53. Defendants incorporate and reallege the allegations of Paragraphs 1 through 52 herein as though set forth at length herein.

54. Plaintiff's claims for exemplary or punitive damages are barred because such an award would violate Defendants' due process, equal protection and other rights under the Texas and United States Constitutions.

55. Moreover, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages against Defendants under applicable Texas law.

56. In the alternative, Plaintiff's claim for exemplary or punitive damages are subject to the limitations and requirements of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including the cap on exemplary damages set out in §41.008(b) thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants Martin J. Cirkiel and Cirkiel & Associates pray that Plaintiff recover nothing of and from Defendants and that Defendants receive all costs of Court and such other and further relief, both at law and in equity, to which Defendants may show themselves to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/       Michael B. Johnson
    Jeff D. Otto
    State Bar No. 15345500
    Michael B. Johnson
    State Bar No. 24029639

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777
E-Mail: jotto@thompsoncoe.com
E-Mail: mjohnson@thompsoncoe.com

ATTORNEYS FOR DEFENDANTS
MARTIN J. CIRKIEL AND CIRKIEL &
ASSOCIATES

## CERTIFICATE OF SERVICE

      The undersigned certifies that on October 27, 2011, the above and foregoing document was transmitted electronically to the clerk of the Court using the ECF System for filing and was served upon all counsel of record listed below, via ECF, electronic mail and certified mail, return receipt requested.

Donald T. Cheatham
5100 Westheimer Road, Suite 200
Houston, TX 77056
**COUNSEL OF RECORD FOR PLAINTIFF**

                                        /s/    Michael B. Johnson